## MITTER v. BLACK DIAMOND COAL CO.
## BLACK DIAMOND COAL CO. v. MITTER
(Nos. 998, 1005; Decided September 1, 1920; 191 Pac. 1069, 193 Pac. 520)

APPEAL AND ERROR—NOTICE OF APPEAL—DIRECT APPEAL AND ERROR PROCEEDINGS ARE INDEPENDENT METHODS OF REVIEW—MATTERS NOT REVIEWABLE WITHOUT BILL OF EXCEPTIONS—BOTH ERROR AND APPEAL CANNOT BE MAINTAINED AT THE SAME TIME—ORDER DENYING MOTION FOR NEW TRIAL NOT APPEALABLE—NEW TRIAL—MOTION FOR NEW TRIAL MAY BE FILED BEFORE ENTRY OF JUDGMENT—REHEARING GRANTED TO PERMIT CONSIDERATION OF APPEAL ON DIFFERENT THEORY

1. The direct appeal statute (Laws 1917, c. 32) makes no provision for a motion for a new trial, and the filing of such motion does not have the effect of extending the time for serving and filing the notice of appeal beyond the ten days from the entry judgment.

2. The two methods provided by statute to obtain a review, one by appeal, the other by proceedings in error, are entirely separate and independent, either of which a party may elect to pursue; but in either case the statute and rules of Court applicable to that particular method must be followed.

3. Assignments that rulings of the trial Court on motions were erroneous, and that findings of the trial Court are against the law and the evidence, cannot be reviewed in the absence of a bill of exceptions. (Sup. Ct. Rule, 13, 4596 C. S. 1910).

4. While a party may bring a cause to the Supreme Court for review by either a direct appeal or by proceedings in error, if he has preserved the proper record, he cannot maintain both at the same time.

ON PETITION FOR REHEARING.

5.  An order overruling a motion for new trial under C. S. 1910, Secs. 4601, 4603, 4604, held, not a final appealable order within Sec. 5107 defining such an order as one affecting substantial rights preventing judgment, in view of Laws 1917, Chap. 32, Sec. 10.

6.  A motion for a new trial, under C. S. 1910, Sec. 4604, may be filed before judgment, following the return of the verdict, the filing of a report of a referee or master, or the findings of the court, in which case the entry of judgment by the clerk in conformity to the verdict, under Section 4622, can be delayed.

7.  Where appeal from a judgment and from an order denying a so-called motion for new trial was dismissed without the court considering such motion for a new trial as a motion to vacate the judgment, under C. S. 1910, Sec. 4653, 4654, and where it is claimed in petition for rehearing that the motion was in fact intended as one to vacate the judgment, the appellate court will grant the petition to permit the appeal to be considered on the theory that it was from an order denying such 'a motion.

ERROR to the District Court, Sweetwater County, HON. JOHN R. ARNOLD, Judge.

Action by M. Mitter against the Black Diamond Coal Co. Judgment for plaintiff and defendant appeals and brings error. Heard on motions to dismiss the appeal and error proceedings. The cause was heard further on a petition for a rehearing.

*Fred W. Johnson and Harry C. Riddle,* for Motion to Dismiss.

Appellant having failed to appoint a process agent in the state is not entitled to prosecute this action; the attempted appointment of Mr. Talliferro was declined by him; notice of appeal must be served within ten days from the entry of judgment, Ch. 32 Sec. 2. Default was taken against appellant in the court below but no effort was made to set it aside until after the expiration of the term; this motion was over ruled and no exceptions were preserved; the judgment was final; (Luther L. Co. v. Bank, 22 Wyo. 302; Conradt v. Lepper, 13 Wyo. 99) ; motion for a new trial was not filed within the time, (Todd v. Peterson, 13 Wyo. 513) :

notice of appeal is jurisdictional, (Culbertson v. Ainsworth, 181 Pac. 418) ; the appeal should be dismissed.

*Fred W. Johnson and Harry C. Riddle,* for Motion to Dismiss Writ of Review.

Plaintiff in error never appointed a resident agent; where there are two remedies for review, the election of one precludes the other, Ency P. & P. 7; Pp. 854; the two methods cannot be prosecuted together, 2 Cyc. 523; writs of review are permitted by the constitution, Art V. Sec. 18; more time than one year has elapsed since the entry of final order in the court below; there is no record of a final order or judgment nor a bill of exceptions; there is no jurisdiction in this court; (Luther Lumber Co. v. Bank, supra; Conradt v. Lepper, supra. Bertagnolli v. Bertagnolli, 148 Pac. 274) : the motion for new trial must be filed within the time fixed by statute; (Todd v. Peterson, supra).

*Louis Kabell, Jr., and Edwin J. Stason,* In Resistance of Motion to Dismiss.

Irrespective of the appointment of a process agent, a foreign corporation may defend an action brought against it; (Am. Tel. Co. v. Sup. Ct. 153 Cal. 533; Swift Co. v. Platte, 68 Kans. 1. 78 Pac. 271) ; appellant has a right to protect its rights against an unjust decision; the default mentioned was due to absence of notice; no motion for new trial was filed because appellant was unavoidably prevented from filing the same for want of notice of the existence of the action; appellant sought to vacate the proceedings on the ground of surprise; Ch. 305, C. S. 1910 which was an act of March 12, 1918; prior to that date there was no proceeding for judgment or default; appellant is seeking to have the action of the trial court reviewed on direct appeal; the proceedings brought for permission to answer and defend in the action and set aside default; by the proceedings under Ch. 305, C. S. 1910, no judgment was entered on March 10, 1917; there was merely a notation made on the Judge's minutes from which an appeal could not be taken; a mere

ruling on demurrer is not a final order; (Long v. Halley, 15 Pac. 514; Butte Mont. Co., 27 Mont. 152; Tauber v. Kein, 84 Neb. 167) : there was nothing done by the trial court until March 2, 1918 requiring appellant to do more than it had already done, to-wit: apply for permission to answer and defend; no bill of exceptions is required by the direct appeal statute; where there are two methods of review and one is inadequate, the other is not waived; in some states both may be resorted to; the ground urged for dismissal for failure to fasten and arrange papers in chronological order is not well taken.

BEARD, Chief Justice.

In each of these cases the Black Diamond Coal Company, a corporation, seeks a reversal of the same judgment of the district court of Sweetwater County, in the case of M. Mitter against said company, and for that reason will be considered in one opinion. No. 998 is a proceeding brought under the direct appeal act, Chapter 32, S. L. 1917, in which case the record on appeal was filed in this court December 1, 1919; and No. 1005 is a proceeding in error in which the petition in error and praecipe for summons in error was filed February 7, 1920. In No. 998, the respondent filed a motion to dismiss the appeal upon the ground, with others, that this court is without jurisdiction to entertain the appeal. An examination of the record on appeal certified to this court discloses that the judgment or decree appealed from was entered in the district court March 2, 1918, and the last order or ruling in the cause, except the ruling on a motion for a new trial, was entered March 23, 1918, and the notice of appeal was not served until February 19, 1919, and was filed February 24, 1919. The statute governing direct appeals, Section 2, Chapter 32, S. L. 1917, provides: "An appeal must be taken by serving a notice in writing to such effect, signed by the appellant, or his attorney, upon the opposite party, or his attorney, within ten days from the entry of the order or judgment appealed from, and said notice of appeal shall be filed with the Clerk of the District

Court where the order or judgment appealed from is entered, within said ten days.'' The statute providing for direct appeals makes no provision for a motion for a new trial, and the filing of such motion does not have the effect of extending the time for serving and filing the notice of appeal beyond the ten days from the entry of the judgment. No doubt a party may within ten days from the entry of the judgment serve and file a notice of appeal in order to preserve his right to bring the case to this court by direct appeal; and may also file a motion for a new trial where such motion is necessary to preserve a proper record for bringing the cause to this court by proceedings in error; but unless the notice of appeal is served and filed within the time required by the statute, the remedy by direct appeal is lost. As the notice of appeal in the present case was not served and filed within the time allowed therefor, this court acquired no jurisdiction by the filing therein of the record on appeal. For that reason the appeal will have to be dismissed, and it is so ordered.

The two methods provided by our statutes to be pursued to obtain a reversal, modification or vacation of a judgment of the district court by the Supreme Court are entirely separate and independent methods, either of which a party may elect to pursue; but whether or not after bringing the cause to this court by one method and while that case is still pending he can also commence proceedings in this court by the other method we entertain grave doubts. But as that question has not been raised we do not decide it. In either case the statute and rules of court applicable to that particular method must be followed. In the case now being considered, No. 1005, the defendant in error has filed a motion to dismiss the proceedings in error. One of the grounds for such motion is that the record contains no bill of exceptions. Rule 13 of this court provides: ''Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless it shall appear that the cause was properly presented

to the court below by a motion for a new trial, and that such motion was overruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions.'' Assuming that the record on appeal in case No. 998 can be considered in this case, neither that record nor the record in this case contains any bill of exceptions. The rulings of the trial court here complained of relate to the rulings on divers motions, and that the findings of the trial court are against the law and the evidence. ''It is well settled that motions are not in the record on proceedings in error, unless embraced in a bill.'' (Harden v. Card, 14 Wyo. 479, 85 Pac. 246; Bank of Chadron v. Anderson, 7 Wyo. 441; 53 Pac. 280) ; and when it is contended that the findings are against the law or the evidence the exceptions must be reduced to writing and presented to the court or judge for allowance. Sec. 4598, Comp. St. 1910. No brief in resistance of the motion to dismiss the proceedings in error has been filed by counsel for plaintiff in error, and we do not understand them to claim that a bill is not necessary in this case. Indeed they seem to have abandoned this proceeding as they state in their brief resisting the motion to dismiss the appeal in No. 998 that, ''The appellant is seeking to have the action of the trial court reversed not on error, but by trial *de novo* on direct appeal, as provided by the new law relating to that method of review.'' Counsel seem to entertain the erroneous impression that under Chapter 32, S. L. 1917, they can have a trial *de novo* in this court. While a party may bring the cause to this court by either of the two methods at his election, if he has preserved the proper record, he cannot maintain both at the same time. And whether or not this proceeding is to be regarded as abandoned, it is clear that in the absence of a bill of exceptions there is nothing for this court to consider, and the motion to dismiss the proceedings in error will have to be granted; and it is so ordered.

*Appeal, and Proceedings in Error dismissed.*

POTTER, J., and TIDBALL, V. J., District Judge, concur.

Blydenburgh, J., being unable to sit in these cases, Hon. V. J. Tidball, Judge of the Second Judicial District, was called in as a member of the court and sat in his stead.

## ON PETITION FOR REHEARING.

POTTER, Justice.

The appeal in this case was ordered dismissed at the last term, and is again before us upon appellant's petition for rehearing. The case had been argued and submitted upon respondent's motion to dismiss the appeal and upon the merits, and the appeal was ordered dismissed on the ground that the court was without jurisdiction for the reason that the notice of appeal had not been filed and served within ten days after the entry of the judgment appealed from, as required by statute. (191 Pac. 1069.)

It appeared that as the result of a trial which occurred in July, 1917, in the absence of the defendant who was adjudged or held to be then in default, a judgment was rendered and entered in the cause on March 2, 1918, and that on the same day an order was entered over-ruling a motion of defendant to set aside the default. That a motion for new trial was filed on March 9, 1918; that said motion was over-ruled by an order dated February 11 and filed February 12, 1919, but appearing to have been entered on the journal as an order made in recess or out of term, under the date of February 11, and that the notice of appeal was not filed or served until after the over-ruling of the motion for new trial. The statement in the former opinion that the notice was filed on February 24, 1919 is complained of by the petition for re-hearing, it being contended in that respect that the notice was filed on February 18, and that the notice filed February 24 was merely a copy with proof of service endorsed thereon. Holding that the filing of a motion for new trial does not have the effect of extending the time for appealing from a judgment under the direct appeal statute, we concluded that the notice in this case had been filed and served too late to authorize a review of

the judgment.   Upon that theory it would be immaterial whether the notice had been filed on the 18th or 24th day of February, 1919, for either date would be too late.   But as the question may be material upon a re-hearing of the cause which we think should be granted upon another ground, we refrain from expressing any opinion concerning it at this time.

The principal grounds stated in the petition for re-hearing are:   1. That the court erred in holding that the judgment of March 2, 1918 was the only order appealed from, and failing to hold that the order over-ruling the motion for new trial was also appealed from.   2. That the court erred in holding that defendant's motion for new trial was a motion defined by Sec. 4604, and contemplated by that and other sections of Chapter 300, Compiled Statutes of 1910, and failing to hold said motion to be a petition, motion and application defined by Sections 4653 and 4654, and contemplated by the provisions of Chapter 305, Compiled Statutes.

Section 4604, one of the sections in Chapter 300 of the Compiled Statutes, refers to the ordinary application for a new trial defined by Section 4601, in the same chapter, for a cause or causes enumerated in the last named section, and which is required by Section 4603 to be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, within ten days after the rendition thereof, unless the party is unavoidably prevented from filing the same within such time.   Said Section 4604 provides that such an application shall be by motion, upon written grounds.   That chapter follows immediately the chapters of the code of civil procedure containing provisions relating to the conduct of the trial and is immediately followed by chapters defining and containing provisions for giving and entering judgment.   The new trial thus provided for is defined as a "re-examination of an issue of fact in the same court after a verdict by a jury, a report of a referee or master, or a decision by the court,"

and briefly stated, the causes enumerated in said Section 4601 are:  1. Irregularity in the proceedings of the court or prevailing party, or any order, or abuse of discretion, preventing the aggrieved party from having a fair trial. 2. Misconduct of the jury or prevailing party.  3. Accident or surprise.  4. Excessive damages.  5. Error in amount of recovery in an action upon contract or detention of property.  6. That the verdict, report or decision is not sustained by sufficient evidence or is contrary to law.  7. Newly discovered material evidence.  8. Error of law occurring and excepted-to at the trial.

The motion for new trial in this case stated as grounds therefor several of the causes enumerated in Section 4601, including those mentioned in subdivisions 1, 2, 3, 6, and 8; and in rendering its decision dismissing the appeal this court considered the motion as the ordinary or usual motion filed under Section 4601 and the provisions aforesaid of the same chapter, nothing to the contrary having been suggested in the briefs or argument upon the hearing of the cause.  With that understanding of the motion, and holding, in effect, that through delay in filing and serving notice of appeal the right to appeal from the judgment had been lost, it was not deemed necessary to mention the fact in the former opinion that the notice of appeal stated that it was taken also from the order over-ruling the motion for a new trial.  It was our opinion, which we supposed would be understood, that under the circumstances an appeal from the order over-ruling the motion could not be maintained.

We remain of that opinion so far as the said motion is to be regarded as the ordinary motion for new trial, and perceive no good reason for granting a re-hearing as to that matter.  An order over-ruling a motion filed under the provisions of said sections has never been held or understood by this court to be a final or appealable order, but, for appellate purposes, merely as ground for reversal of the judgment in a cause, when erroneous, if excepted to and assigned as error.  And we think it is not a final or appealable order

under our statutes, though it may be ground for reversing a judgment. (Young v. Shallenberger, 53 O. St. 291, 41 N. E. 518; Con. Col. and W. Tpk. Co. v. Oliver, 16 O. Dec. 47; Macartney v. Shipherd, 60 Or. 133, 117 Pac. 814; 3 C. J. 505).

Such a motion, which we have referred to as the ordinary motion for new trial, may be filed before judgment, following the return of a verdict, the filing of a report of a referee or master, or the findings of the court, and while the statute provides for entering judgment by the clerk in conformity to a general verdict (Sec. 2622 Comp. Stat.) it affords an opportunity to have the entry delayed to await the result of a motion for new trial, by the provision authorizing the cause to be reserved for further argument or consideration. Under that a party may state his intention to file a motion for a new trial and desire that judgment entry be delayed until the motion may be filed and considered. But it is not necessary for the motion to be filed before judgment. It may be filed after judgment within the statutory time, and if it then be overruled, "the judgment remains, from the date of its entry, the final judgment in the action unless reversed, vacated, or modified in accordance with law." (Young v. Shallenberger, supra). Deciding in that case that the overruling of the motion is not a final order upon which error can be prosecuted, the Ohio Supreme Court said:

"A final order to which error will lie, is defined by the code to be: 'An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment.' Section 6707, Revised Statutes. It is clear that the overruling of the motion of plaintiff in error for a new trial was not an order made in a special proceeding, or upon a summary application after judgment; it was made in a civil action, as contradistinguished from a special proceeding, and, in the

ordinary course of procedure in such actions. Nor is it
an order in an action which both affects a substantial right
and in effect determines the action and prevents judgment,
within the meaning of the section of the code alluded to.
The action ends with the judgment; and the motion, which
is an application to the court to reconsider its judgment,
and for a re-trial, is usually, though not always essential
to the proper reservation and presentation of the errors
preceding the judgment, when relied upon to obtain a re-
versal of it. · Error lies to the judgment, but not to the de-
cision of the motion; though that decision may be made a
ground for the reversal of the judgment.   *   *   *   And
so, if the motion be overruled, the unsuccessful party must
incur the expense of a proceeding in error, if he is dissatis-
fied with the result; but neither the overruling or sustain-
ing of the motion is, within the meaning of the code, such
final order as may, itself, be the foundation of a proceeding
in error.''

Under a similar statute defining a final appealable or-
der the court said in the Oregon case cited, that to deny
a new trial does not determine the action so as to prevent a
judgment within the terms of the Code, for the judgment
has been entered, but is simply the adherence of the court
to its former ruling, leaving the rights of the parties deter-
mined by the judgment unaffected by the denial of the mo-
tion.

Our statutory definition of a final order which may be
vacated, modified, or reversed by an appellate proceeding
is the same as in Ohio and was taken from the code of that
state. Comp. Stat. 1910, Sec. 5107. By a long line of de-
cisions unnecessary to cite here the filing of a motion for
new trial in the court below, the overruling thereof and an
exception thereto, all to be shown by bill of exceptions,
are held to be essential to the consideration by this court
in a proceeding in error of any matter which could have
been properly assigned as ground for a new trial. And
that has been at all times declared by a rule of the court

since the adoption of the earliest rules of which we have a record.  (See Rule 5, 1 Wyo. 448; Rule 6, 2 Wyo. 516; Rule 13, 3 Wyo. XLII; 1 Wyo. p. VIII; 18 Wyo. p. X; Seibel v. Bath, 5 Wyo. 409, 420).  But such rule, at least since 1873, has applied only to causes brought here by proceedings in error.

The civil code enacted in 1873 provided for the review in the Supreme Court of a judgment or other final order in an action at law only by a proceeding in error, omitting provisions in the code of 1869 authorizing a review in such an action also by appeal.  That code, which, with amendments, remained in force until 1886, contained separate provisions relating to chancery practice and controlling the practice in courts of equity and cases therein, and an appeal was allowed in such cases.  'But there was no provision for a motion for a new trial, exception or bill of exceptions in such cases, and the provisions of the code relating to actions at law, which included the provisions aforesaid for an application or motion for a new trial, were declared to have no application in chancery cases or to practice in courts of equity.  (Laws 1873, p. 146, sec. 655.)

By amendment of section 655 in 1875 certain sections of the code relating to actions at law were excepted from the general declaration that the ''preceding provisions'' should not apply to chancery cases, but none of the provisions for a motion for new trial, exceptions or bill of exceptions was among those excepted.  (Comp. Laws 1876, p. 120, Sec. 655).  The rule, therefore, requiring the presentation of a matter to the court below by motion for a new trial as a condition to its consideration in the appellate court would not have applied to equity cases.  Indeed, the record in chancery cases on appeal did not include a bill of exceptions, but consisted of a certified transcript containing the pleadings and the decree rendered, or final order made, and all depositions and other evidence of record offered on the hearing of the cause.  (Id. pp. 128, 130, Secs. 700,

703). And the case was heard not upon exceptions but *de novo* on the transcript.

By the re-enactment of the Code in 1886, the distinctions between actions at law and suits in equity and the forms of all such actions and suits theretofore existing were abolished, and a single form of action substituted to be called a "civil action." And the only appellate proceeding provided thereby for the review of a cause in this court was a proceeding in error, and no other was provided for thereafter until the enactment of the so-called direct appeal statute in 1917. Certainly, therefore, it must be understood whatever may have been the effect of former rules, that Rule 13, adopted by the Supreme Court of the State on February 20, 1891, (3 Wyo. XLII) applied originally only to cases before the court on proceedings in error. That rule like the corresponding rule previously in force refers to matter to be shown by bill of exceptions, requiring that the motion, the ruling thereon and exceptions shall be embraced in the bill, a provision important in determining the effect of the rule upon cases brought here by appeal under the late statute, if that would not be clear upon the provisions alone of that statute, by which the evidence and rulings thereon, motions, instructions and exceptions become parts of the record on appeal without a bill.

But that statute also provides for the hearing of a cause on appeal without the previous filing of a motion for a new trial. It does not expressly provide for or refer to such a motion. On the contrary, it requires an appeal to be taken within ten days after entry of judgment, the same time allowed after the rendition of a verdict or decision for filing a motion for new trial. And it provides for the filing and service of specifications of error to be made part of the record, which, within five days after filing is required to be submitted with the record to the judge before whom the cause was tried to be considered for the purpose of determining whether the party appealing is entitled to a new trial. Should that be determined in appellant's favor,

then it is provided that an order shall be made and entered by such judge granting a new trial, whereupon the record shall remain in the district court for trial therein, unless the respondent shall appeal from the order granting a new trial, in which event the said record, as perfected by attaching thereto said order and notice of appeal therefrom, shall constitute the record on the appeal from said order. If no order be made granting a new trial within twenty days after the filing of the specifications of error then it is' provided that the record with the specifications of error shall be transmitted to this court. Thus, specifications of error are, in effect, substituted for a motion for a new trial, for the purpose of first presenting to the trial court the questions to be heard on appeal, and every necessity for a motion for new trial for the purpose of the appeal is obviated.

The proceedings for a review of the record by the trial judge upon a consideration of the specifications of error, is provided for by Section 10 of the direct appeal statute (Laws 1917, Ch. 32), which section, as we know, was inserted at the suggestion of the State Bar Association, to overcome the objection that the bill for the proposed statute as prepared and submitted to the Association by a committee thereof afforded no opportunity for the trial court to reconsider its decision before the removal of the cause to the appellate court, since the filing and submission of a motion for a new trial was not provided for or contemplated by its provisions. Our Rule 13, therefore, is clearly inapplicable to causes brought here by appeal under the provisions of the statute aforesaid, and affords no reason for holding the time for taking an appeal from a judgment to be extended by the filing of a motion for a new trial. This court has certainly not indicated by anything said in disposing of a cause brought here by appeal under said statute that the filing or overruling of a motion for new trial is or may be essential to the consideration of any question to be presented on the appeal.

To hold an order denying the usual motion for new trial to be appealable, such a motion as that referred to in Rule 13, would, as said in a California case, virtually allow two appeals from the same ruling, and, in some cases, would have the effect of extending the time for appealing, contrary to the intent of the statute. (De La Montanya v. De La Montanya, 112 Cal. 101, 44 Pac. 345).

So far, therefore, as appellant's said motion in the court below may properly be considered as an ordinary motion for a new trial we adhere to the former decision, and see no reason for opening the case, in that respect, to further consideration. Nor do we understand that the correctness of the decision in that respect is intended to be challenged by the petition for rehearing. Indeed, it is said in the brief in support of the application for rehearing that defendant (appellant) is not prejudiced or aggrieved by the decision so far as it relates to a motion for a new trial as defined and provided for by Chapter 300 C. S. 1910, and as contemplated by the statutes relating to jurisdiction and procedure in error upon petition in error in this court. But it is contended that the defendant's motion, though mistakenly called a motion for a new trial, was a petition and motion to vacate the judgment under the provisions of the several sections of Chapter 305, Compiled Statutes, relating to the vacation or modification by a district court of its own judgment or order after the term at which the same was made; that the court erred in its decision in failing to so treat and consider the motion; and that an order refusing to vacate a judgment upon a motion or petition filed under the provisions of that chapter is appealable.

The first section in said chapter 305, (4650), provides that for several causes therein enumerated a district court may vacate or modify its own judgment or order after the term at which the same was made. Section 4653 provides that for certain of said causes the proceedings to vacate or modify shall be by motion upon reasonable notice to the adverse party or his attorney in the action. Section 4654

provides that for certain other causes the proceedings shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and if the party filing it was defendant, the defense to the action, and that upon such petition a summons shall issue and be served as in the commencement of an action. The so-called motion for a new trial in this case alleges certain causes which, it is contended, bring the motion within the provisions of said chapter. And our attention is called to the fact that the motion was verified; that notice of the filing thereof and that it would be called up for hearing upon a date stated therein was served upon one of the attorneys for the adverse party, and that there was incorporated in the motion, by reference, the previous motion to set aside default, the affidavits attached thereto, and the answer tendered therewith stating the defense to the action.

The points now made with reference to the motion aforesaid were not considered by the court in disposing of the cause upon the former hearing by dismissing the appeal. And we are not prepared to say that the fault was altogether that of the appellant in failing to suggest what is now contended as to the nature and effect of the motion. For the ground upon which it was held that the appeal should be dismissed was not explicitly stated in the motion to dismiss nor relied on in support thereof, as we recall the argument. We have, therefore, concluded to grant a rehearing of the cause upon both the motion to dismiss and the merits, to permit the same to be presented and considered upon the theory now urged by the appellate that its so-called motion for a new trial was an application to vacate the judgment under the provisions of chapter 305 Compiled Statutes, 1910, and for that purpose only. A rehearing as thus limited will be ordered. It will be further ordered that the clerk transmit forthwith to counsel for respondent a copy of the petition for rehearing and the brief filed in support thereof, and that respondent be allowed sixty days after the date of reeciving the same to file and serve brief upon

the questions or points presented thereby, which time may be extended upon application for good cause shown.

*Rehearing granted.*

BEARD, C. J., and BLYDENBURGH, J., concur.