## SPENCER ET AL. v. LOEWENSTEIN
### (No. 1039; Decided July 20, 1922; 207 Pac. 1098)

APPEAL AND ERROR—DISMISSAL OF MOTION FOR NEW TRIAL WILL NOT EXTEND TIME FOR FILING APPEAL NOTICE.

1. Where judgment was entered on April 29, 1920, and notice of an appeal was not served and filed until September 7, 1920, a motion to dismiss the appeal was granted, under Comp. St. 1920, § 6402, requiring notice of appeal to be filed within 10 days of the entry of judgment.

2. Where after trial of an issue of fact and ordinary motion for new trial was made and filed under Comp. St. 1920, §§ 5870 and 5872, not being a motion under sections 5923-5934, it did not extend the time for serving and filing notice of appeal from the judgment.

APPEAL from District Court, Uinta County, JOHN R. ARNOLD, Judge.

Action by George Spencer and another, doing business under the firm name of Spencer & Bird, against Fred Loewenstein. Judgment for plaintiffs, and defendant appeals. On motion to dismiss the appeal.

*Reuel Walton* of Evanston, for appellant.

*Louis Kabell, Jr.,* of Evanston, for respondent.

KIMBALL, Justice.

This case has been brought here by direct appeal from the judgment entered April 29, 1920. The respondents move to dismiss the appeal for the reason, among others, that the notice of appeal was not served and filed within ten days from the entry of the judgment as required by Section 6402, Wyo. C. S. 1920. The notice was not served and filed until September 7, 1920, and it is therefore apparent that the appeal from the judgment has not been taken within the time required by statute, and must be dismissed.

A motion for a new trial, filed May 7, 1920, was denied August, 30, 1920, but, as was held in Mitter v. Black Diamond Coal Co., 27 Wyo. 72, 191 Pac. 1069, 193 Pac. 520, the

filing of that motion did not extend the time for serving and filing the notice of appeal from the judgment. In the Mitter case on rehearing (27 Wyo. 78, 193 Pac. 520 and 206 Pac. 152), because of the peculiar circumstances then brought to its attention, the court felt justified in considering the motion for a new trial as a motion under Chapter 370, Wyo. C. S. 1920 to vacate the judgment, and the order denying it as an appealable order, the notice of appeal in that case reciting that the appeal was taken from that order as well as from the judgment. The dismissal of the appeal from the judgment was not affected by the rehearing. The reasons which induced the court to entertain the appeal, for limited purposes, on the rehearing in the Mitter case, do not appear in the case at bar. Here the record shows that there had been a trial—a judicial investigation of an issue of fact; and the motion for a new trial, asking a re-examination of that issue, was clearly the ordinary motion applying for that relief under Section 5870. It was filed at the same term and within ten days after the judgment was rendered, as required by section 5872. There was nothing in its form or substance to indicate that it was intended or should be treated as any thing other than what it purported to be. We can find no reason why the motion should have been below or should be here considered as a motion under Chapter 370. If we were to hold otherwise on that point, we would then be met by the fact that there was no notice of appeal from the order denying that motion, for the notice found in the record recites that the defendant appeals from the judgment of April 29 only.

*The appeal is dismissed.*

BLUME, J., concurs. POTTER, Ch. J., being ill, did not sit.