## THOMAS v. BIVIN
(No. 1281; April 21, 1925; 235 Pac. 321)

APPEAL AND ERROR—NOTICE OF APPEAL—BILL OF EXCEPTIONS NOT REQUIRED IN DIRECT APPEAL—EXTENSION OF TIME.

1.  Judgment will be presumed to have been entered on date of its rendition, shown by notice of appeal, in absence of contrary showing.
2.  While under Comp. St. 1920, § 6401 et seq., bill of exceptions is not required to present a civil cause in Supreme Court on direct appeal, 'an application in such case for extended time in which to file "bill of exceptions" will be interpreted as applying to the record required on such appeal.
3.  Under Comp. St. 1920, § 6401 et seq., fixing time for preparation and filing of record for appeal, extension of time, to be effective, must be granted before expiration of time previously allowed, and mere fact that application for extension was filed before expiration does not extend power of judge to grant extension.
4.  Under Comp St. 1920, § 6401 et seq., providing for direct appeals, extension of time after rendition of judgment for preparation and filing of record for 'appeal is not effected by making and overruling of motion for new trial, necessary under section 6384 in proceedings in error.

APPEAL from District Court, Hot Springs County; PERCY W. METZ, Judge.

Action by Theodore H. Thomas against W. T. Bivin, administrator of the estate of X. Whiting, deceased. Judg-

ment for defendant, and plaintiff appeals. Heard on motion to dismiss. No briefs.

*Fred W. Wyckoff,* for plaintiff and appellant; *Thomas & Thomas,* for counsel.

*C. H. Harkins,* for defendant and respondent.

POTTER, Chief Justice.

This case is here under the direct appeal statute and has been heard upon motion to dismiss, upon the stated ground that the record for the appeal was not prepared and filed in the district court within the time allowed by statute.

The ''direct appeal'' statute, so called therein, provides a method of appeal from the district courts to this court, ''separate and independent'' from the provisions for the review of civil and criminal causes on proceedings in error. Comp. Stat. 1920, Secs. 6401, 6415. It requires that the appeal be taken by serving and filing notice in writing to such effect within ten days from the entry of the judgment or order appealed from; that the appellant shall be entitled as a matter of right to seventy days from the entry of such judgment or order within which to prepare and file with the clerk of the district court ''a record for the appeal,'' which time may, however, be ''extended or enlarged'' by the said court or the judge thereof, for cause shown. Sec. 6404. And, if the testimony or evidence be required for the appeal, it is provided that a complete transcript thereof shall be certified to by the official court reporter as being true and correct and as containing all the testimony, with all rulings in admitting or excluding evidence, or directing or refusing to direct a verdict; the same to be filed with the clerk of said court within seventy days from the entry of said judgment or order or within the time as extended by said court or judge. Sec. 6405. It provides also that in civil causes the clerk of the district court shall prepare ''a record on the appeal,'' to consist of original or certified copies of pleadings, motions, demurrers, instructions given and refused, verdict and findings, certified cop-

ies of journal entries, and the notice of appeal, "securely attached together in their chronological order," and if a transcript of the testimony is prepared and filed and brought upon the appeal, it shall be attached thereto, together with exhibits and documentary entries therein contained or attached thereto. That when so prepared "the whole of such record shall be paged and numbered consecutively and shall be certified to by the clerk of the district court as true and correct and filed in his office." Sec. 6406. Provision is also made for attaching to said record the specifications of error when filed, to be authenticated by the certificate of the clerk and thereupon to become a part of the record. This court obtains jurisdiction of the cause only when "the record on appeal" is filed with its clerk. Sec. 6411. Thus something to be known and filed as a record on or for appeal is expressly provided for—to be certified by the clerk as "true and correct."

The judgment appealed from in this case, as shown by the notice of appeal in the record here, is the final judgment rendered upon a trial of the cause in the district court. It was rendered by the District Court in Hot Springs county on May 19, 1924. There is no affirmative showing as to the date of its entry upon the court journal, nor anything to show that it was not so entered upon the date of its rendition. It will therefore be presumed, under our decisions, that it was entered on that date. (See Hahn v. Bank, 25 Wyo. 467, 171 Pac. 899, 172 Pac. 705; Coffee v. Harris, 27 Wyo. 394, 197 Pac. 649.) An application for an extension of time "to prepare a proper bill of exceptions" because of the inability of the court reporter to prepare a transcript of the evidence within the time required was filed in the office of the clerk of said district court on July 26, 1924, but nothing appears thereafter to have been done concerning it until August 4, 1924, on which date the district judge granted an order extending the time for filing "bill of exceptions" until and including September 24, 1924. And the record here is endorsed under the title of the cause as

the "Record on appeal," and appears to have been certified to and filed in the district court on the last mentioned date.

A bill of exceptions is not required to present a civil cause in this court upon direct appeal, under said statute. But the said application and order for an extension of time, may, and we think ought to, be liberally interpreted to mean an application and order for extending the time to prepare and file the record on appeal in the office of the clerk of the district court (White Auto Co. v. Hamilton), though it might have been otherwise understood by the district judge, for, a motion for a new trial having previously been filed and overruled, it might have been understood, not improperly, as indicating an intention to seek review by a proceeding in error.

But so interpreting the application and order, it appears that the order was not made until after the expiration of the seventy day period. And it has been firmly settled by our decisions that such extension, to be effective, must be granted before the expiration of said period, or the period of any previously granted extension. The *mere fact that the application for the extension was filed before* the *expiration* of the seventy day period, or the period as lawfully extended, *does not extend the power of the court or judge* under the statute. Coffee v. Harris, supra. That case upon the question now presented rules this case, and our former decisions relating to the question may be found cited in that case.

Nor does the fact that a motion for a new trial was filed and overruled on May 27, 1924, change the situation. Counsel, in calling our attention to the filing and overruling of such motion, may have had in mind our decisions to the effect that as to any question proper to be presented in tne trial court by such a motion, the date of the overruling of the motion shall, in a proceeding in error, be taken as the date of the rendition of the judgment, within the meaning of the statute limiting the time for commencing a proceeding in error to one year after the rendition of the judgment,

with certain stated exceptions not material here. Comp. Stat. 1920, Sec. 6384. But, as to a proceeding in error, it is also held and our rules provide that as to any question which may properly be presented to the district court by a motion for a new trial, it will not be considered in this court, unless the same shall have been so presented, the motion overruled, and exception reserved thereto, the same to be shown by a bill of exceptions. And there is no bill here.

The motion for a new trial serves no purpose whatever in a so-called direct appeal from the judgment rendered upon a trial of the cause. The statute makes different provisions in such case for a reconsideration by the trial court. See Comp. Stat. 1920, Sec. 6410. Hence the date of the overruling of the motion in this case is immaterial, for it does not have the effect of extending the time of the beginning of the seventy day period—viz: the date of the entry of judgment or order appealed from. Mitter v. Black Diamond Coal Co., 27 Wyo. 72, 191 Pac. 1069, 193 Pac. 520; Spencer v. Loewenstein, 29 Wyo. 31, 207 Pac. 1098.

The motion to dismiss must therefore be sustained, and an order will be entered accordingly.

*Motion to Dismiss Sustained.*

BLUME and KIMBALL, JJ., concur.