Seeley *v.* Sabastian.

———

| 3 | 563 |
|----|-----|
| 28 | 468 |

L. A. SEELEY, Appellant, *v.* DANIEL SABASTIAN, Respondent.

## Appeal from Clackamas County.

Return.—The return of service of notice of appeal being imperfect may be amended so as to conform to the facts.

Order Enlarging Time.—An order enlarging the time within which the statement of facts is required to be made and served, must be made within the time prescribed by law for the performance of these requirements.

Respondent's attorney filed a motion to dismiss this appeal, for the reason, that there had been no proper and sufficient service of the notice of appeal. Pending the argument upon said motion, appellant's attorney asked and obtained leave of court to file a cross motion, requesting permission to amend the return on said notice so as to conform to certain facts presented. Respondent's attorney also filed a motion to strike from the files the statement of facts accompanying the record, for the reason that the same was not served within the time prescribed by law.

*J. H. Stinson*, for appellant.

*Benton Killen*, for respondent.

McArthur, J.   It was ruled in *Dolph* v. *Nickum* (2 Ogn. 202), that this court could and would, in furtherance of justice, allow the return of service of notice of appeal to be amended so as to conform to the facts.

In this case the return is to some extent imperfect, but it appears that it can be amended so as to meet the fullest requirements of the law, and at the same time conform strictly to the facts. From an examination of the record we are satisfied that by denying the motion, we would hinder rather that further justice, and as no sufficient reasons are urged to warrant a departure from the rule in the case cited, we will allow the motion. The return may be amended. Allowing this amendment, necessarily disposes of the respondent's motion to dismiss, therefore we proceed to the consideration of the motion to strike from the files the statement of facts. The record discloses that the decree in the court below was entered on Thursday, March 30, 1870; also that on May 10, 1870, the judge made an order enlarging the time for making, filing and serving the statement of facts until May 20, 1870, and also that service thereof was made May 19, 1870. Section 526 page 280 of the code as amended in 1866 (see law of Oregon 1868 p. 159), declares, that when a party "wishes a statement of the case to be annexed to the record of the judgment, decree or order, he shall within twenty days after the entry of such judgment or order prepare such statement," and he "shall serve a copy thereof upon the adverse party." In this case it appears that after the expiration of the twenty days, within which the statement of facts is required to be made and served, an order was granted enlarging the time for making and serving the same, such order falling within the scope and meaning of that part of the section of the code above cited, which provides, that "the several periods of time above limited may be enlarged, upon good cause shown by the judge before whom the cause was tried." Inasmuch as the time prescribed by statute had expired before the enlarging order was made, it is insisted that the said order was *ipso facto* void, and that the statement of facts accompanying the transcript, should be considered a nullity and stricken from the files. A similar provision to the one cited exists in the laws of California (see section 340, Civil Practice Act), and the supreme court of that state in the

case of *Leach* v. *Allen* (2 Cal. 95), upon a point similar to the one presented in this case said: "If the appellant allow the twenty days to expire after taking the appeal, without framing a case, he waives his right to have the case stated, and a subsequent order of the court made without notice to the respondent allowing further time to make up the statement, is a nullity." In the case under consideration, no notice of the application for an order enlarging the time, was served. Under the practice in this state, it is questionable whether such notice would have had any legal force whatever, although upon this point we do not pass. *Bryan* v. *Maume* (28 Cal. 238) is an analogous case, and the same conclusion is substantially reached as in the case above. In *Lindley* v. *Wallis* (2 Ogn. 204) it was held by this court, "that the application for extension of time for completing and filing the transcript must be made *within* the time prescribed for the performance of these requirements." The analogy between that case and the one now before the court is perfect, and by a parity of reasoning, the only conclusion that can be logically reached is, that the order enlarging the time within which the law required the statement to be made and served, must be made within the time prescribed for the performance of said acts, that is to say, before the twenty days have expired. It follows therefore, that the motion to strike the statement of facts from the files should prevail. It is so ordered.