THE SECURITY INVESTMENT COMPANY *et al.* v. JOHN LOVE.

CASE-MADE — *Extension of Time without Authority.* Where a motion to extend the time granted for making and serving a case for the supreme court is duly filed, but is not submitted to the court until the time already granted has elapsed, the court has no authority to make any further extension.

*Error from Cowley District Court.*

THE opinion, filed on February 8, 1890, states the case.

*Hackney & Asp,* for plaintiffs in error.
*J. Mack Love,* and *J. C. Stanley,* for defendant in error.

*Per Curiam:* On January 11, 1889, the judgment in this case was rendered in the district court of Cowley county, in favor of the plaintiff below, John Love, who is now the de-

fendant in error, and against the defendants below, who are now the plaintiffs in error, and on January 15, 1889, a motion filed by the defendants below for a new trial was overruled, and ninety days were given to the defendants within which to make and serve a case for review in the supreme court. On January 15, 1889, the defendants filed a motion in the district court for the purpose of procuring an order of the court further extending the time for making and serving a case for the supreme court. On May 3, 1889, this motion was submitted to the court, and the court granted the motion, and a journal entry was made giving to the defendants "sixty days in addition to the time heretofore given to make and serve a case-made for review for the supreme court." On June 29, 1889, the above journal entry was amended so as to give the defendants sixty days from May 3, 1889, within which to make and serve a case for the supreme court. The case was made and served on July 2, 1889, and on October 22, 1889, the case with a petition in error was brought to this court, and the plaintiff below, who is now the defendant in error, now moves to dismiss such case and the petition in error from this court, for the reason that the case was not made and served within proper time.

We think the motion must be sustained. We do not think that the mere filing of a motion in a court to extend the time for making a case for the supreme court can have the effect to so extend the time, nor even to extend the power or jurisdiction of the court or judge, so that the court or judge could entertain the motion to extend the time after the time fixed by law or by a previous order of the court or judge within which the case should have been made and served had already expired. Under the original order of the court, the defendants below had up to April 15, 1889, within which to make and serve a case for the supreme court, and up to that time the court or judge had the power to extend such time further, but when that time passed then the court or judge had no further power to extend the time. Such power had then passed away forever. (*Life Ins. Co. v. Koons*, 26 Kas. 215.)

The mere filing of a motion in the court without submitting it to the court or judge, or even calling the attention of the court or judge to the same, could certainly not have the effect to extend the power of the court to grant a further extension of time after the time given by the previous order had elapsed.

The motion of the defendant in error to dismiss this case from this court will be sustaind, and the case dismissed.