Drake *v.* Everson.

---

### DRAKE ET AL. *v.* EVERSON.

[No. 19,120. Filed June 8, 1900.]

APPEAL AND ERROR.— *Record.— Evidence.— Time of Filing.— Act of 1899.—* Under the provision of the act of 1899 (Acts 1899, p. 384) that the transcript of the evidence shall be filed with the clerk within a time fixed by the court trying such cause, the court must act while the cause is before it, and when the time granted had expired, with nothing done, it was too late at the next term of court to fix a time within which the transcript of the evidence might be filed, as the cause was no longer *in fieri.*

From the Hancock Circuit Court. *Affirmed.*

*David Smith, R. L. Mason* and *U. S. Jackson,* for appellants.

*E. Marsh* and *W. W. Cook,* for appellee.

BAKER, C. J.—The only error assigned and not waived is that the court erred in overruling the motion for a new trial. In support of the motion, the only contention made is that the evidence is insufficient. Appellee insists that the evidence is not in the record. The motion was overruled on April 13, 1899, the fifty-eighth day of the February term, and sixty days time was then given appellants in which to file their bill of exceptions. Nothing was done until September 25, 1899, the nineteenth day of the September term. On that day the following order-book entry was made: "Come the parties by their attorneys, and thereupon the official reporter of this court is ordered to file a transcript of the evidence in this cause by the 26th day of September, 1899." On the same day the reporter's transcript of the evidence was filed in the clerk's office. On September 27th appellants presented the transcript of the evidence to the judge and requested him to certify that it was correct and contained all the evidence; and the judge made such a certificate upon the transcript. Appellants claim that under the law of 1899 (Acts 1899 p. 384), the evidence is in the record of this appeal. It is unnecessary to examine the statute of 1899 in any other respect than to the time within which the transcript of the evidence must be filed in the clerk's office. The act provides that "The transcript of the evidence so prepared by such reporter shall be filed by him with the clerk of the court wherein such cause is tried, within a time to be fixed by the court trying such cause." Though the act does not say when the court shall make the order fixing the time, it is plain that the court must act while the cause is yet before it. On April 13, 1899, it was proper to give time, as was done. But after the time then granted had expired with nothing done, it was too late at the September term to fix a new time within which the transcript of the evidence might be filed, as the cause was no longer *in fieri*. *Utterback* v. *State*, 153 Ind. 545.

Judgment affirmed.