## KENDRICK v. HEALEY.

(No. 949; Decided August 18, 1919; 183 Pac. 37.)

APPEAL AND ERROR—ENTRY OF JUDGMENT—CERTIFICATION OF RECORD—TIME FOR FILING—PAGING OF RECORD—CORRECTION OF RECORD—SPECIFICATIONS OF ERROR—EXTENSION OF TIME FOR FILING OF RECORD.

1. An appeal record certified by the Clerk as containing a true copy of the judgment entered in the Journal and containing the original paper signed by the Court, preceded by a statement that it was entered by the Court upon the Court Journal bearing a notation as to volume and page is sufficient to identify such writing entered on the Journal, as the judgment.

2. An order extending time for filing a record on appeal under Laws of 1917, Page 32, Secs. 4 and 5, includes an extension of time for preparing and filing the transcript of the testimony, since, under Sec. 6 of the chapter, such transcript is a part of the record on appeal.

3. A clerk's certificate that "the foregoing transcript is a true and correct transcript of all the testimony offered at the trial of the above entitled cause" being the exact equivalent of the words of the statute, Laws 1917, Chap. 32, Sec. 5, is sufficient.

4. Where the Judge and Clerk each certify that an appeal record is true and correct, the order of time in which they make such certificates is immaterial if made within time for filing.

5. The certificates of the Judge and Clerk to a record on appeal are not a part of the appeal record within Laws of 1917, Chapter 32, Sec. 6, as amended, requiring the record to be paged and numbered consecutively. The requirements as to paging and numbering is not jurisdictional, and necessary corrections may be made without withdrawing the record.

6. Service of specifications of error prior to filing of the record in appeal proceedings is not a ground for the dismissal of the appeal.

7. An order extending time for the filing of an appeal record may be made in chambers during the vacation of the court and becomes effective upon the signing thereof by the Judge within the original 70 days from the date of the entry of judgment, even if such extension order be not entered on the Journal for some time thereafter.

8. An appeal record may, on proper showing and seasonable application, be withdrawn for amendment in accordance with the facts; but the application to withdraw must set forth the specific amendment sought to be made and it must be made to appear that the amendment will cure a substantial defect.

APPEAL from District Court, Johnson County; HON. JAMES H. BURGESS, Judge.

Action by John B. Kendrick against Patrick Healey, Jr., and Alexander Healey, co-partners doing business under the firm of Healey Bros. Heard on plaintiff's motion to dismiss appeal and on defendant's to withdraw record for amendment.

*Metz & Sackett* and *Robt. B. Rose,* for respondent's motion to dismiss.

The record contains the files and not certified copies of the journal entries, and fails to show when, if ever, the orders, verdict or judgment were entered on the journal. The certificate of the judge precedes that of the clerk. The record is not paged and numbered as required by statute; no order extending time for preparing or filing transcript testimony. The record on appeal differs from the transcript of testimony which must contain all the testimony, with the rulings of the court. The certificate of the reporter is insufficient.

The sufficiency of instructions given or refused cannot be reviewed unless the entire testimony be certified. (Wood. v. Wood, 25 Wyo. 26; 146 Pac. 844.) No specification of errors was served after the filing of the record on appeal. The record is clearly insufficient under the decisions of this court. (Hahn v. Bank, 171 Pac. 889; Goodrich v. Bank, 123 Pac. 191, 177 Pac. 134.) The motion to dismiss should be sustained.

*E. E Enterline* and *Hill and Griggs,* for appellants, opposing motion to dismiss.

The appeal record is clearly sufficient under the statute. The recitals with the certificate of the clerk show proper entry within the required time; the certificate of the clerk shows full compliance with the statute. An order extending the time for the filing of appeal record was duly given and made in the time and manner required by the statute. Appellants have moved for leave to withdraw record and to make amendments, showing that it was filed in the time required by order of extension. The certificate of the reporter that the transcript is a true and correct transcript of all testimony offered in trial with the rulings of the court, in admitting or excluding evidence and that all exhibits offered are attached thereto, is a literal compliance with Sec. 5 of the appeal statute. The distinction between filing and serving specifications of error is made clear by the decision in Hahn v. Bank, 25 Wyo. 467, 171 Pac. 889, 172 Pac. 705. The objection as to paging and numbering the record is without merit. It is immaterial that the certificate of the judge is later than that of the clerk. The statute does not require pages containing certificate of judge or clerk to be numbered; the transcript of the testimony is clearly a part of the appeal record and is included in the order of extension.

BLYDENBURGH, JUSTICE.

This case comes to this court by direct appeal under the provisions of Chapter 32, Session Laws of 1917, before it was amended by Chapter 15, Session Laws of 1919, and was heard on the motion of plaintiff and respondent to dismiss

the appeal and the motion of defendants and appellants to withdraw the record on appeal for amendment.

The motion of plaintiff to dismiss, as drawn, purports to state 12 different grounds, but they may be summarized under the following heads:

That the notice of appeal was given prior to the date of the entry of the judgment.

That there is no certified copy of the journal entry of the judgment, verdict, &c., in the record and therefore no proof of when the judgment was entered, if at all.

That the transcript of the testimony was not filed within the time required by the statute, and no order was made extending the time.

That the certificate to the transcript of the testimony does not comply fully with the requirements of the statute.

That the certificate of the judge is dated prior to the certificates of the clerk, and therefore the judge does not certify to what is contained in the certificates of the clerk.

That the record on appeal is not paged and numbered consecutively as required by the statute.

That the specifications of error were served prior to the filing of the record on appeal.

As to the statement that the notice was served prior to the entry of judgment the record shows the contrary. The notice is dated November 28, 1917, the acceptance of service of the notice November 30, 1917, and the date of the entry of the judgment, according to the certificate of the clerk, was November 23, 1917.

As to the statement that there is no certified copy of the journal entry of the judgment in the record, this court, in the case of Hahn v. Citizens State Bank, 25 Wyo. 467, 171 Pac. 889, 172 Pac. 705, decided that the record on appeal must show the entry of a judgment on the journal of the court and the date thereof, and that the proper way to show this was by a certified copy of the journal entry, and that a form of judgment signed by the judge and filed with the clerk appearing in the record, when nothing appeared to show that it had been entered on the journal, was not

sufficient to give this court jurisdiction of the case on appeal. As such a form of judgment signed by the trial judge appears in the record on appeal in this case, counsel for respondent argued that the cases are similar and that there is no showing here of the entry of the judgment in this case. While the original paper signed by the judge appears in the record of this case, it is preceded by the words, "And be it further remembered that thereafter on November 23, 1917, the following judgment was entered by the court which said judgment is as follows, to-wit: "And this paper has upon it the notations of the clerk that it was filed in District Court, 4th Judicial District, Johnson County, Wyoming, November 23, 1917. A. W. Kennedy, Clerk, and that it is entered on the Court Journal. In addition to this, the certificate of the clerk at the end of the record on appeal reads as follows:

"CERTIFICATE OF CLERK.

"STATE OF WYOMING, |
   COUNTY OF JOHNSON.  | ss.

"I, A. W. Kennedy, Clerk of the District Court of the Fourth Judicial District of the State of Wyoming, in and for the County of Johnson, do hereby certify that the above and foregoing record on appeal contains true copies of the order of the court, verdict of the jury and judgment, given, made, returned and entered in said cause as follows, to-wit: * * * Of the judgment entered November 23, 1917, filed November 23, 1917, and entered in Journal 4 at page 4, said copy of judgment being found on pages 51 and 52 of the Record on Appeal.

"IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court this May 13, 1918.

                        "A. W. KENNEDY,
(SEAL)                     "Clerk of Court."

This certificate shows as fully as possible that the identical paper is a true copy of the entry on the journal and the date of the entry, and could not show more completely what the entry really was if a separate copy had been used instead of the paper which was the original paper from which the entry

was made. There is nothing in the statutes that requires certificates to certified copies to be attached or immediately follow the entry certified so long as the identity of the record is shown.

As to the ground that the transcript of the testimony was not filed within seventy days after the entry of the judgment, and no order was made and entered extending the time in which to make or file such transcript; it is admitted that the record does contain an order extending the time for preparing the record. This order appears in the record on appeal and shows that it was made in chambers by the trial judge on Jan. 15, 1918, and by the endorsement on the back that it was filed in the office of the clerk of the trial court on January 18, 1918, and entered on court journal No. 7, on page 13. Sections 4 and 5 of Chapter 32, S. L. 1917, provide:

"Section 4. The appellant shall be entitled as a matter of right to seventy days after the entry of the judgment or order appealed from within which to prepare and file with the Clerk of the District Court a record for the appeal, which time may be by the Court or the Judge thereof, extended or enlarged for cause shown."

"Section 5. Whenever the party appealing desires to review the ruling of the District Court on the admission or exclusion of evidence, or questions the sufficiency of the evidence to sustain the verdict, finding, judgment, or decision, or alleges that the verdict, finding, judgment or decision is contrary to law, the party appealing shall cause to be prepared by the official court reporter a complete transcript of all the testimony offered at the trial, with each question consecutively numbered, and showing all rulings of the Court in admitting or excluding evidence, or in directing or refusing to direct a verdict for either party, which transcript of the testimony and rulings of the Court shall be certified to by the official court reporter as being true and correct, and as containing all of the testimony offered at the trial, with the rulings of the Court in admitting or excluding evidence, or in directing or refusing to direct a verdict for

either party. When the record of the testimony offered at the trial, and the rulings of the court to be included herein, are prepared and certified as provided in this section, the same shall be filed with the Clerk of the District Court within seventy days from the date of the entry of the order or judgment appealed from, or within the time as extended by the Court or Judge."

It is also evident from Section 6 that the transcript of the testimony is a part of the record on appeal, and the extension of time mentioned in section 6 is that referred to in section 5. The time given for preparing the transcript and the filing of the record on appeal are the same, to-wit: Seventy days after the entry of the judgment, and an extension of time given for filing the record on appeal must include any part of the record. If it were considered that a special order were necessary to obtain the extension for filing the transcript, then to make it effective an additional order would also be necessary extending the time for filing the record. We are of the opinion that under this statute an order extending the time for filing the record on appeal includes an extension of time for preparing and filing the transcript of the testimony, and we so hold. That this was the intention of the trial judge in the present case is evident from the order itself extending the time, which is as follows:

"Now on this day, it having been made to appear, by the above named defendants, to the Honorable James H. Burgess, at chambers at Sheridan, Wyoming, that the said defendants will be unable to prepare and file with the Clerk of the District Court of Johnson County, Wyoming, a record for the appeal in said cause, owing to the fact that Charles L. Carter, official court reporter of said district, is unable to transcribe the testimony and evidence within the seventy days after the entry of the judgment, as required by Section Four of Chapter Thirty-Two, Session Laws of Wyoming, 1917, and it further appearing to the said Judge that the said defendants have fully paid the fees required for the transcription of said testimony and evidence, and it further appearing that the time to prepare and file with the Clerk

of the said District Court a record for the appeal should be extended, and that good cause has been shown for such extension.

"IT IS THEREFORE CONSIDERED AND ORDERED by the said Judge, at chambers at Sheridan, Wyoming, that the said defendants be, and they hereby are, given until the 13th day of May, 1918, within which time to prepare and file with the Clerk of the District Court of Johnson County, Wyoming, a record for the appeal in said cause.

"Done at Chambers at Sheridan, Wyoming, this 15th day of January, 1918.                    "JAMES H. BURGESS,
                                                                "Judge."

The certificate to the transcript is as follows:

"I, Charles L. Carter, Official Court Reporter for the Fourth Judicial District of Wyoming, do hereby certify that the above and foregoing transcript is a true and correct transcript of all the testimony offered at the trial of the above entitled cause, with the rulings of the court in admitting or excluding evidence, and that attached to said transcript are all of the exhibits offered as a part of such testimony.

"IN WITNESS WHEREOF, I have hereunto set my hand this 28th day of February, A. D. 1918.
                                        "CHARLES L. CARTER,
            "Official Court Reporter, Fourth Judicial District."

It is contended that this does not comply with the statute as it does not contain the words "as containing all the testimony offered at the trial with the rulings of the court in admitting or excluding evidence." We hold the certificate to be an exact equivalent to the language that is claimed to be omitted. The English language will not admit of a different construction.

As to the ground that the certificate of the judge is dated prior to the certificates of the clerk, we hold that in no way affects the appeal. The statute provides: "The whole record shall be paged and numbered consecutively, and shall constitute the record on the appeal, and shall be certified

to by the Judge and Clerk of the District Court as true and correct." If the order of the words have any effect or significance at all, the clerk should certify after the judge; but it is evident that the certificate of the judge is based on his personal knowledge as having presided at the trial, while that of the clerk is as to what appears from the records of his office. So long as each certifies that the record is true and correct and each certificate is within the time for filing the record on appeal, that is sufficient. Nor does the judge certify that the certificate of the clerk is true and correct, but that the record on appeal is true and correct.

The claim that the record on appeal is not sufficiently paged and numbered is based on the fact that the sheet on which appears the certificate of the clerk appears after the last page of the record numbered 409 and before the page on which appears the other certificate of the clerk and the judge which is numbered 410. In the first place, from section 6, it is evident that the certificates of the clerk and judge are not a part of the record that is required to be consecutively paged and numbered, and this requirement as to numbering is not a jurisdictional one for which the appeal could be dismissed, and if it were an oversight in a page strictly a part of the record, it could be cured here without withdrawing the record by placing the figures 409½ upon the unnumbered page.

In regard to the claim that "the specifications of error were served prior to the filing of the record on appeal", this matter was considered in the case of Hahn v. Citizens State Bank et al., *supra,* and in that case this court said:

"The reason for holding a notice of appeal premature when filed or served before the entry of the order or judgment appealed from does not necessarily apply with the same force to the filing and serving of specifications of error. The purpose of an assignment or specification of errors is to point out the specific errors claimed to have been committed by the court below and relied on for a reversal, for the information of opposing counsel and the reviewing court. (3 C. J. 1329.) If, under our statute, an appeal has been

properly taken from a judgment or order duly entered, and within the time allowed, and the record is in such condition as will permit of the references thereto required by the statute or rules, there would seem to be no substantial reason for denying the right to file and serve specifications of error before the record is filed, or for construing the statutory provision limiting the time for filing and serving the specifications as meaning anything more than limiting the time beyond which the specifications may not be filed or served. * * * we fail to see any good reason for holding that the specifications may not then be properly filed and served, although before the record itself is or can be filed. In view of the purpose of the specifications of error, and the other provisions of the statutes, the provision of Section 8 that the specifications shall be filed and served within ten days after the record is prepared and filed, should, in our opinion, be construed as prescribing only the limit of time beyond which such specifications may not be filed or served; following the rule for the interpretation of such a provision referred to above in discussing the provision limiting the time for taking an appeal. That seems to us to be the fair and reasonable interpretation of the words of the limitation in Section 8 as applied to the subject matter, viz: The filing and serving of specifications of error."

This disposes of that question and all of the grounds urged in the motion to dismiss.

The appellants have filed a motion to withdraw the record on appeal for amendment: 1. To show that the order extending the time for filing the record on appeal, which appears in the record on appeal and as quoted above, is a proper copy of the order made by the trial judge as appears from the record of the court. 2. To show that said order was made, as appears on its face, at chambers on January 15, 1918, and was filed in the office of the clerk of the trial court on January 18, 1918, and was entered of record in the journal of said court on January 18, 1918. 3. To number the page between 409 and 410 as 409½. And generally, "in any manner this court may deem necessary to have the

cause reviewed on the merits, providing the true facts warrant such amendment."

As was said above, the original order referred to appears in the record on appeal signed by the trial judge, and shows when and where made, and the endorsements thereon by the clerk show when and where it was filed and entered. There is nothing in the statute of 1917 that requires the order extending the time for filing the record to be entered or any time limit dating from the entry or anything which makes the entry jurisdictional. The order may be made in chambers by the judge during the vacation of the court, and, in our opinion, becomes effective upon the signing by the judge within the original seventy days from the date of the entry of judgment, even if not entered on the journal for some time thereafter. The certificate of the judge and clerk that the record in which appears this order is true and correct is all that is necessary to authenticate it. What was said above as to the sheet between page 409 and the page upon which appears the number 410 disposes of any necessity for withdrawing the record on the third ground stated in the motion.

While a record on appeal may, upon proper showing and seasonable application, be withdrawn for amendment in accordance with the facts, we have decided that such application would be denied where the amendment would not cure the defects, or, if so amended the record would show that it was not filed within the statutory time after entry of judgment, so that this court would remain without jurisdiction. (Goodrich et al. v. Big Horn County Bank et al., 174 Pac. 191.)

No application to withdraw the record can be considered unless the specific amendment sought to be made is definitely set forth and it is made to appear to this court that such amendment will be effective to cure some substantial defect. So an application stated in such general terms and without specific showing and proof of the truth of the matters where it is sought to amend the record, as is stated as to the last

ground of the motion to withdraw the record, cannot be considered by this court.

The motion to dismiss will be denied. As we hold that no amendment to the record is necessary in this case and no good purpose would be served by withdrawing the record, the application to withdraw the record will also be denied.

BEARD, C. J., and POTTER, J., concur.