## COFFEE v. HARRIS
### (No. 992, Decided May 3, 1921; 197 Pac. 649)

APPEAL AND ERROR—PRESUMPTIONS AS TO DATE OF JUDGMENT ENTRY
—RECORD ON APPEAL—EXTENSION OF TIME—SERVICE OF SPECIFI-
CATIONS OF ERROR—WAIVER—ACKNOWLEDGMENT OF SERVICE OF
SPECIFICATIONS NOT A WAIVER OF RIGHT TO OBJECT TO MANNER OF
SERVICE.

1.  Where the record on appeal shows a copy of the judgment
    bearing a date, certified by the clerk as a true copy, it
    will be presumed in the absence of a certification as to
    when the judgment was entered, that it was entered on
    the date it bears, especially when there is nothing in the
    record to the contrary.
2.  An order extending the time for filing a record of appeal
    made after the expiration of the 70 day period allowed
    by statute (6404-05 Comp. Stats, 1920) will not preserve
    appellant's rights. The mere filing of an application for
    an extension of time before the expiration of the 70 day
    period without submitting it to the court until after the
    expiration of such period, does not extend the power of
    the court under the statute.
3.  An acknowledgment of service of specifications of error
    on appeal, that "due service of the foregoing specifica-
    tions hereby admitted" does not constitute a waiver of
    the right to question the timeliness of the filing of the
    record, nor of the time and manner of the service.

APPEAL from the District Court of Goshen County, HON.
WILLIAM C. MENTZER, Judge.

Action by Charles F. Coffee against Silas Harris and
others. There was a judgment for plaintiffs and defendants
appeal. Cause heard on motion to dismiss the appeal.

*Erle H. Reid* and *Wright, Mothersead & York*, for the
Motion.

The transcript of judgment does not show the date of its
entry so that it is impossible to say when it was entered.
The record being silent as to when the judgment was en-
tered, it is impossible to determine whether the filing of the
record on appeal was within the 70 day period prescribed

by statute. If the court assumes that the judgment was entered on the day it bears date, the order extending time for filing record on appeal was made on the 82nd day after the entry of judgment, and the order of extension did not preserve the right of appeal which should be dismissed. (Hahn v. Citizens State Bank, 171 Pac. 889 (Wyo.); Goodrich v. County Bank, 174 Pac. 191 (Wyo.) The inquiry must be confined to the record on appeal. (Hahn v. Bank, supra.) The time cannot be extended by an order made after the expiration of the period allowed by statute, (Cor. Juris, 282; Cantilin v. Miller, 13 Wyo. 109; 78 Pac. 295; Jones v. Bowman, 65 Pac. 1002 (Wyo.); Schlessinger v. Cook, 58 Pac. 757 (Wyo.) Southern Pacific Co. v. Pender, 134 Pac. 289 (Ariz.) The fact that the motion for extension was filed before the expiration of the 70 day period but not submitted to the court will not alter the situation. The court was without power to grant the extension. (Security Investment Co. v. Love, (Kans.) 23 Pac. 161.) The trial court has no jurisdiction to extend the time for filing the appeal record. (Abel v. Blair, 41 Pac. 342; Southern Pac. v. Pender, supra.)

*Bever & Roushar* and *A. R. Honnold,* for Appellants Opposing the Motion.

The record shows that the judgment was entered on June 14, 1919. It also shows that an application for extension of time was filed within the 70 day period and that an order extending the time to October 1, 1919 was made after the expiration of the 70 day period. Service of specifications of error was acknowledged by counsel for plaintiffs, and admission of due service implies a proper service in time to save parties legal rights. (Woolsey v. Abbett, 65 N. J. L. 253; Vail v. Pa. F. Ins. Co., 76 N. J. L. 66; Steam Co. v. Sears, 9 Fed. 8; Harmon v. VanNess, 56 App. Div. 160; 19 C. J. 822.) Respondents are estopped to raise the question. The statute authorizing the granting of an extension of time for filing the transcript is directory and not mandatory. It is a question between the parties that does not go

to the subject matter. (Allen v. Lewis, (Wyo.) 177 Pac. 433.) The court retained jurisdiction of its records during the term at which judgment was rendered. (Ex parte Lange, 18 Wall 163; Goddard v. Ordway, 101 U. S. 745.) Statutes prescribing time limits are intended to afford a speedy review and expedite court business and not for the purpose of imposing hardship upon litigants in the face of difficult or impossible situations. The authorities cited in support of the motion are not in point for the reason that no transcript was filed in the cases referred to. Appellants made diligent effort to substantially comply with the statute as to an extension of time within the 70 day period, but were unable to get the court's attention within that period. Litigants should not be deprived of the right of appeal by circumstances that are beyond their control.

KIMBALL, J.

This case is here on appeal, and the respondents move to strike the record and dismiss the appeal, upon three grounds.

The first two grounds may be considered together. They are based upon the claim that the record fails to disclose the date of the entry of the judgment from which the appeal is taken, and, therefore, does not show that the notice of appeal was served and filed within the time provided by the statute, which is now § 6402, Comp. St. Wyo. 1920. In support of the contention counsel cite Hahn v. Citizen's State Bank, 25 Wyo. 467, 171 Pac. 889, 172 Pac. 705, and Goodrich v. Bank, 26 Wyo. 42, 490, 492, 174 Pac. 191, 177 Pac. 134, 188 Pac. 36. In those cases the records did not contain transcripts of the journal entries of the judgments, nor anything to show that they had ever been entered. In this case the record does contain a copy of the judgment, certified by the clerk to be a true copy thereof, ''as the same appears of record in the District Court Journal No. 2, at page 72 thereon.'' Thus the record shows that the judgment was entered. The clerk's certificate does not state when it was entered, nor is the copy of the judgment prefaced by any recitation showing that fact. However, the judgment as entered bears

date June 14, 1919, and we shall presume that it was entered on the date which it bears, especially as there is nothing in the record to indicate the contrary. Taking that as the date of the entry of the judgment, it is then conceded that the notice of appeal was served and filed in time, and that the motion cannot be granted on the first or second grounds.

The third ground of the motion is that the record for the appeal was not prepared and filed with the clerk of the district court within the time allowed by the statute.

The statute in question, § 4, Ch. 32, S. L. 1917, now § 6404, Wyo. Comp. St. 1920, reads as follows:

"The appellant shall be entitled as a matter of right to seventy days after the entry of the judgment or order appealed from within which to prepare and file with the clerk of the district court a record for the appeal, which time may be by the court or the judge thereof, extended or enlarged for cause shown."

The next succeeding section (§6405) provides for the filing within the same time of a transcript of the testimony in certain cases, and in Kendrick v. Healey, 26 Wyo. 266, 183 Pac. 38, it was held that the seventy-day period mentioned in the two sections is the same period, and that an extension of the time for filing the record for the appeal under §6404 includes an extension of time for filing the transcript of the testimony under § 6405.

The last day of the seventy-day statutory period for filing the record for the appeal in this case was August 23. On August 21 the appellants filed with the clerk a written application for extension of the time to September 7. This application was not presented to the court or judge until September 4, when, over the objection of respondents, the court, after a hearing upon said application, extended the time to October 1. The record was filed September 27.

The question, therefore, is, whether the time for filing the record can be extended by an order made after the expiration of the time to which the appellant is entitled as a matter of right under the statute. The appellants contend

that the statutory provisions relating to the time for filing the record are directory only, and not mandatory; but we consider that that question was settled by the decisions of this court in Goodrich v. Bank, supra, holding that those provisions are mandatory and jurisdictional. (See, also, Caldwell v. State, 12 Wyo. 206, 74 Pac. 496.) The appeal is perfected by the filing of the record, and this must be done within the statutory time, or within a valid extension under statutory authority.

Provisions authorizing extensions of the time in which to do acts necessary to present a case for review on error or appeal are common in the statutes of the different states and in rules of courts. By some of them it is required, in set terms, that the extension be granted within the time previously allowed, as is the case in respect to the authority for granting extensions of time for presenting bills of exceptions under § 5864, Wyo. Comp. St. 1920, and for filing briefs under Rule 20 of this court. On the other hand it is sometimes made clear, by positive language, that the time may be extended, or, rather, that a new time may be granted, after the expiration of the time originally allowed, as illustrated by Minn. G. S. 1913, § 7832, cited in Noonon v. Spear, 125 Minn. 475, 147 N. W. 654, and the Washington Statute quoted in Bailey v. Drake, 12 Wash. 99, 40 Pac. 631. Decisions interpreting statutes which thus clearly indicate either that the extension must be granted before, or that it may be granted after, the time given by law or rule, has expired, cannot aid in determining the meaning of the provisions of our statutes now under consideration, and the same may be said of those cases which arose under statutes held to be merely directory.

Many of the laws and rules of court governing appeals authorize extensions of time by language quite similar to that of our statute, viz: that "the time may be  *  *  * extended or enlarged  *  *  *." And where such a provision has reference to a jurisdictional act required by a mandatory statute, the order granting the extension must

be made before the right to do the act has lapsed. (Hawkins v. The Dutchess, etc., Co., 7 Cow. 467 (making case) ; Frink v. Phelps, 5 Ill. 580 and Fonda v. Jackson, 203 Ill. 113, 67 N. E. 741 (filing transcript) ; Pardridge v. Morgenthau, 157 Ill. 395, 42 N. E. 74, and Hill v. Chicago, 218 Ill. 178, 75 N. E. 766 (filing appeal bond) ; Aetna Life Ins. Co. v. Koons, 26 Kans. 215, Security Investment Co. v. Love, 43 Kans. 157, 23 Pac. 161, and Abel v. Blair, 3 Okla. 399, 41 Pac. 342 (serving case made) ; Smith v. Fisher, 3 Utah 24, 5 Pac. 545 (filing transcript) ; Elliott v. Whitmore, 10 Utah 253, 37 Pac. 463 (serving statement on motion for new trial) ; Clark v. Crane, 57 Calif. 629 (filing and serving notice of intention to move for new trial) ; Lindley v. Wallis, 2 Ore. 204, (filing transcript) ; Seeley v. Sebastian, 3 Ore. 563 (serving statement of facts) ; Newbury v. Lumber Mfg. Co., 106 Ia. 140, 76 N. W. 514 (filing abstract) ; Dist of Col. v. Roth, 18 App. (D. C.) 547, Drake v. Everson, 155 Ind. 47, 57 N. E. 533, and Hernstein v. Depue, 23 Ky. L. 1498, 65 S. W. 805 (filing transcript) ; Swartz v. Davis, 9 Ida. 239, 74 Pac. 800 (bill of exceptions) ; Bigler v. Welker, 16 Ariz. 44, 141 Pac. 124 (filing transcript) ; Morford v. Colorado, etc., Co. (Colo.) 162 Pac. 147 (serving record.)

In this state, prior to 1917, the statute regulating the time to prepare bills of exceptions (§4595 Wyo. Comp. Stat. 1910) provided that "time may be given to reduce the exception to writing," etc., and it was held that any order giving or extending such time must be made while the right is still existent. (Schlessinger v. Cook, 8 Wyo. 484, 58 Pac. 757 ; Jones v. Bowman, 10 Wyo. 47, 65 Pac. 1002.) See also, cases cited 4 C. J. p. 282, note 16.

By § 6384, Wyo. Comp. Stat. 1920, it is provided that the time for commencement of proceedings to reverse, vacate, or modify a judgment is limited to one year, but that, in certain cases the court "shall, by an order duly entered of record, give * * * a reasonable extension of time, not exceeding eighteen months, within which to institute such proceeding." Referring to this statute, in Fremont

Lodge v. Thompson, 24 Wyo. 14, 154 Pac. 600, it was said:

"While the right exists, the statute authorizes the district court to extend the time within which it may be exercised; but when the right is lost by operation of law, there is no power vested in the court to restore it."

Returning to § 6404, supra, now under consideration, we think the use in the statute of the words "extended or enlarged" throws some light upon the legislative intention. It has been said that there can be no extension of that which has already elapsed or ended. (Morford v. Colorado, etc., Co., *supra.*) When the right is gone there is really no period of time to extend. (Dist. of Col. v. Roth, *supra;* 1 Hayne New Trial & Appeal, § 145, quoting Clark v. Crane, *supra.*) The verb "to enlarge", when used in the same connection, has the same meaning as "to extend", and it has been so held. (Hawkins v. The Dutchess, etc., Co., and Seeley v. Sabastian, supra.) Of course, the nature of the act which is delayed by the extension and the general powers of the court in relation to such act, are important considerations in construing the statute. Thus, in Bertagnolli v. Bertagnolli, 23 Wyo. 228, 148 Pac. 374, the authority of the court under § 5688, Wyo. Comp. Stat. 1920, to extend the time for filing pleadings, is considered and construed in connection with the right of the court to set aside defaults and to permit pleadings to be filed out of time.

Under the authorities we must hold that the right to file the record for the appeal expired August 23, and that it was not restored by the order of September 4. The mere filing by appellants of their application before the expiration of the seventy-day period, without submitting it to the court or judge, could not extend the power of the court under the statute. (Security Investment Co. v. Love, supra.)

On September 27 the specifications of error were served on the attorney for respondents, who, in his acknowledgment of service, stated that "due service of the foregoing specifications is hereby admitted." Appellants contend that that admission was a waiver of the right to question

the timeliness of the filing of the record, but we are of the opinion that it had no such effect. That the right to object to the time and manner of the service of specifications of error may be waived has been held by this court in McGinnis v. Beatty (March 21, 1921) 196 Pac. 311. Merely accepting or acknowledging service of the specifications would not effect such a waiver. (Grippen v. State, 20 Wyo. 486, 492, 128 Pac. 622.) Whether the admission of "due service" had such effect we need not decide, for if we grant that it did, our holding upon the motion to dismiss must be the same. While the service of the specifications of error is one of the acts to be done by an appellant, certainly there is no reason to hold that the doing, or waiver, of that act will excuse the failure to perfect the appeal by a timely filing of the record, of which said specifications may not become a part until ten days later.

The appeal will be dismissed on the third ground of the motion.

*Dismissed.*

POTTER, C. J., concurs.

BLUME, J., did not sit, the cause having been submitted before he became a member of the court.