WHITE AUTOMOBILE CO. v. HAMILTON, ET AL.
(No. 1092; Decided Dec. 8th, 1922; 210 Pac. 958)

Appeal and Error—Extension of Time to Present Bill of Exceptions Construed as Having Reference to Appeal Record.

1. An order granting appellants additional time to prepare and present their ''Bill of Exceptions'' made prior to the ruling on a pending motion for new trial, and apparently intended as an extension of time for filing of the record on appeal, the words ''Bill of Exceptions'' being the result of a clerical error, *held* sufficient as against motion to dis-

miss appeal on the ground of failure to file appeal record in lower court within seventy days after entry of judgment.

APPEAL from District Court, Fremont County; HON. CYRUS O. BROWN, Judge.

Action by The White Automobile Company against Ed. Hamilton and another. There was judgment for plaintiff and defendants appeal. Heard on motion to dismiss appeal.

*G. J. Christie* and *F. A. Michels,* for the motion.

On November 3rd, 1921 the trial court made an order extending time to appellants to December 12th, 1921 within which to present their bill of exceptions. On December 3rd, 1921, upon motion of appellants, the court again extended the time within which appellants might prepare and present their record and bill of exceptions and for filing bond on appeal. The time for filing appeal record, under Section 6404, expired November 12th, 1921 and a motion for new trial was filed. This motion was overruled on February 10th, 1922. The proceeding should be dismissed for the reason that the record on appeal was not prepared and filed within the seventy-day period required by law and time therefor was not extended in the manner provided by law (C. S. 6404.) (Goodrich v. Big Horn Co. Bank (Wyo.) 188 Pac. 36.) Failure to so file such record is jurisdictional. (Kendrick v. Healey, 183 Pac. 37; McGinnis v. Beatty, 186 Pac. 121.) Direct appeal and proceedings in error are independent methods of obtaining a review, but the statutes and rules of court must be followed as to each. (Mitter v. Company, 191 Pac. 1069.) Appellant was allowed seventy days after the entry of judgment to prepare and file his record on appeal; this was not done and no extension of time was granted for the filing of said record. This court is apparently without jurisdiction and the appeal should be dismissed.

*M. C. Burk* and *G. H. Paul,* contra.

The order made on November 3rd, 1921 granting appellant an extension of time and the subsequent order made on December 3rd, granting further extension of time for the preparation of record and bill of exceptions, was intended as an extension of time for filing record on appeal.    The trial court well knew that the motion for new trial had not been ruled upon, that no exceptions could be taken until it had been ruled upon, and that no bill of exceptions could be prepared until exceptions had been reserved.    The use of the words "Bill of Exceptions" was a mere clerical error. The court had power to extend the time for perfecting record on appeal (5864 and 6403 C. S.)    It is proper to assume that the court, knowing the law, intended to extend the time under the authority conferred by the statutes.    (Gilpatrick v. Perry, 26 Wyo. 538.)    The motion to dismiss the appeal should be denied.

Blume, Justice.

Judgment in this case was rendered in favor of the plaintiff on September 2, 1921.    Notice of appeal was filed and served on September 12, 1921.    On the same day a motion for a new trial was filed, but this motion appears never to have been acted on, and no bill of exceptions appears ever to have been presented to, or signed by, the trial judge. On November 3, 1921, without apparently any written petition therefor, an order was made and entered in said cause as follows:    (Leaving out the caption and other matters not material here) :

"It appearing to the court that it is impossible for the defendants to prepare and present to the court the *bill of exceptions* in the above entitled cause, and for good cause, within the time allowed by law for their preparation and presentation for approval,

It is therefore ordered that the defendants be and they are hereby given to and including the 12th day of December

1921 within which to present *their bill of exceptions* for approval by this court.''

On December 3rd, 1921, a further order was made extending the time for thirty days to prepare and present the record on appeal and bill of exceptions in said cause. A document purporting to be a ''record on appeal'' was filed in the lower court on December 31, 1921, and specifications of error were filed January 9, 1922.

A motion has been made and argued in this court to dismiss the appeal to this court for the reason that the record on appeal was not filed in the lower court within seventy days after the entry of the judgment, and that no proper extension of time to do so was ever given. It is the contention of the appellants, defendants below, that the term ''bill of exceptions,'' as used in the order of extension made on November 3, 1921, should be read and treated as the equivalent of ''record on appeal,'' and that the error is merely clerical.

Since nothing which could have been properly assigned as ground for a new trial will be considered on proceeding in error unless it was properly presented by a motion for a new trial, and such motion has been overruled and an exception reserved, and all of it embraced in a bill of exceptions, it is clear that no occasion for a bill of exceptions could arise in this cause until after the motion for a new trial had been overruled, which appears not to have been done in this case. So, we should have to hold that the lower court by the order made on November 3, 1921, did a vain thing, if we held to the literal reading thereof. On that date notice of appeal had been served, but no motion for a new trial had been overruled. Could the court, in view of these facts, have contemplated granting an extension of time for a bill of exceptions? While a record on appeal embraces the original papers and a bill of exceptions does not, still the two documents subserve largely the same purposes, and

extension of time on either method of appeal is generally given for the same reason, namely, to obtain a transcript of the evidence and other matters necessary to be shown.

Clerical errors are frequently ignored by the courts and the effect given to the document containing it, as though the proper wording appeared therein. Thus in the case of Burstein v. Levy, 98 N. Y. S. 853, the word "plaintiff" was read as though written "defendant." In the case of Stone v. Cromie, 87 Ky. 173, 7 S. W. 920, an order was entered in the lower court granting an appeal to "the Supreme Court." No such court existed in that state, and the appeal should have been granted to the "court of appeals." The objection raised was considered as technical and not worthy of consideration. In Jones v. Bowman, 10 Wyo. 47, 65 Pac. 1002, an order was entered granting time to "file" a proposed bill of exceptions, when strictly speaking, the order should have granted time to prepare and present the bill. A subsequent order of extension of time contained the proper terminology, just as the order of December 3rd, 1921, mentions the record on appeal. The reasoning of the court in the Bowman case is applicable here. It says:

"The order of July 11th extends the time for preparing and presenting the bill, thus clearly indicating the construction placed upon the original order by the presiding judge. Having in view the uniform practice in this state, it is manifest, we think, that the order was intended and understood as granting time for the preparation and presentation of the bill. Strictly speaking, an order fixing a time for "filing" is not necessary, confining that word to its technical meaning as a depositing with the clerk and the latter's endorsement thereon. In that sense, if it was to subserve no other purpose, the order would be quite useless."

These cases would seem to lead us to the conclusion that we should, in view of the facts in this case, consider the ob-

jection raised in this case as technical, and that it should be overruled.

*The motion to dismiss is accordingly denied.*

KIMBALL, J., concurs.   POTTER, Ch. J., did not sit.