BARNETT v. BANKERS' FINANCE ASS'N.
(No. 1471; July 17, 1928; 268 Pac. 1025)

512

*E. E. Enterline* and *D. W. Ogilbee,* for the motion.

*S. S. Combs, Contra.*

*Per Curiam.*

This case is here on direct appeal. A motion to dismiss the case, based on several grounds, has been filed herein. The record fails to show that any judgment in the case has ever been entered of record. A number of papers contained in the record on appeal are certified as true and correct. One of these papers purports to be a ''judgment'' and shows a filing mark of the clerk. But there is nothing on that paper which in any way indicates that it was ever entered of record. Nor is that fact shown in any other part of the record on appeal. The subject was considered in the case of Hahn v. Citizens State Bank, 25 Wyo. 467, 171 Pac. 889, 172 Pac. 705, where the reasons why the record on appeal must show the entry of the judgment of record were fully stated. Again in the case of Goodrich v. Bank, 26 Wyo. 42, 44, 174 Pac. 191, it was said:

''It is necessary to show jurisdiction that the fact of the entry of the judgment or order, as distinguished from the rendition or making thereof, and the date of the entry, shall be shown by the record.''

Again in Faulkner v. Faulkner, 27 Wyo. 62, 191 Pac. 1068, the syllabus relating to the matter in hand is as follows:

''Where a record on appeal contains no journal entry of the judgment or decree, but simply a form of decree signed by the judge without any transcript in the journal showing that it was ever entered, or if in fact a decree was entered when it was entered, or what it was, the appeal must be dismissed.''

If the entry of record is actually shown, the date may be presumed to be that of the rendition, or the date which it bears. Coffee v. Harris, 27 Wyo. 394, 197 Pac. 649; Thomas v. Biven, 32 Wyo. 478, 235 Pac. 321. But as already stated, there is nothing in the record on appeal before us showing that the paper purporting to be a judgment was ever actu-

ally entered of record. The motion to dismiss must accordingly be sustained.

There is another reason why the appeal must be dismissed, if we could assume that the judgment herein was in fact entered on March 25th, 1927, the date of the paper purporting to be a judgment. A motion for a new trial was made and overruled on March 30, 1927. On the same day a notice of appeal was filed and served. On May 19th, 1927, appellant filed an application, supported by affidavit, asking for an extension of time in which to prepare and file a bill of exceptions, and on the same day an order was made granting until June 24th, 1927 in which to do so. But no extension of time to file a record on appeal was ever asked or granted. There was nothing to indicate at that time that appellant did not desire, or was unable, to bring this case to this court by petition in error. There are no circumstances in this case which in any way show that the application or order for an extension was meant to apply to a record on appeal rather than a bill of exceptions, as was true in White v. Automobile Company, 29 Wyo. 109, 210 Pac. 958. In fact counsel for appellant concedes that the extension was intended to apply to a bill of exceptions, but strangely insists that a bill of exceptions is necessary in order to come to this court by direct appeal. No bill of exceptions is necessary in such case. The statute for direct appeal was partially passed by the legislature for the specific purpose of dispensing with a bill of exceptions in such case. The record on appeal consists of the papers enumerated in Section 6406, W. C. S. 1920 and no bill of exceptions is mentioned therein. No extension of time for filing the record on appeal having been granted and it being necessary to file it in such case within 70 days after entry of the judgment, it was filed, on the assumption above mentioned, entirely too late. Coffee v. Harris, supra; Goodrich et al. v. Big Horn County Bank, supra.

Counsel for appellant has asked in his brief, that if we should find the record on appeal insufficient, we should

permit him to have it returned for correction. But he has made no showing of any kind authorizing us to do so, if we should be so inclined. Posvar v. Pearce, (Wyo.) 263 Pac. 711.

*Motion to Dismiss Sustained.*