H. O. ENGLISH, doing business as ENGLISH DRILL-
ING COMPANY, and as H. O. ENGLISH OIL COM-
PANY, and LEONARD A. WOEPPEL, for them-
selves and numerous other parties,

*Plaintiffs and Respondents,*

vs.

GEORGE LACEY SMITH, also known as GEO. LACY
SMITH and also known as GEO. LACEY SMITH,

*Defendant and Appellant.*

(No. 2514; May 27, 1952; 244 Pac. (2d) 807)

For the defendant and appellant the cause was submitted upon the brief and also oral argument of Thomas O. Miller and Edward S. Halsey, both of Lusk, Wyoming.

For the plaintiffs and respondents the cause was submitted upon the brief of Thos. A. Nicholas of Casper, Wyoming.

Heard before BLUME, Chief Justice, and CHRISTMAS and HARKINS, District Judges.

## OPINION

HARKINS, District Judge.

This is a proceeding by direct appeal in which the defendant and appellant seeks a review of an order overruling his motion to vacate a judgment previously entered.

The record discloses that the order appealed from was entered in the District Court Journal on October 30, 1950. No endorsement of the clerk of the district court

appears on the record on appeal showing specifically the date of the filing of said record in the office of the clerk of said court. It is apparent, however, that the record on appeal was not made up in condition to be filed earlier than January 15, 1951, for the clerk's final and only certificate to the record bears the date last mentioned. This certificate of the clerk, apparently made to comply with the requirements of Sec. 3-5406 Wyoming Compiled Statutes 1945, reads as follows:

"STATE OF WYOMING⎞
COUNTY OF WESTON ⎰ss.

I, ANN F. McDERMOTT, Clerk of the District Court of the Sixth Judicial District, Weston County, Wyoming, do hereby certify that the above and foregoing Record on Appeal, consisting of 145 pages, in Civil Cause No. N-177, is true and correct.

Dated this 15th day of January, A. D. 1951.

Ann F. McDermott

Clerk of the District Court Sixth Judicial District, in and for Weston County, State of Wyoming."

Section 3-5404 Wyoming Compiled Statutes 1945, pertaining to direct appeal proceedings, provides:

"The appellant shall be entitled as a matter of right to seventy (70) days after the entry of the judgment or order appealed from within which to prepare and file with the clerk of the district court a record for the appeal, which time may be by the court or judge thereof, extended or enlarged for cause shown."

The time for filing of the record on appeal in the district court was not "extended or enlarged," and no request was made therefor. The order appealed from having been entered on October 30, 1950, it is clear, considering the quoted statute and what has been said

above, that the last day for filing the record in the office of the clerk of the district court was January 8, 1951.

It is settled in this state that where, as in this case, the clerk's certificate to a record on appeal is not made until after the expiration of the time for preparing and filing the record on appeal in the district court, the appeal must be dismissed. In Electrolytic Copper Co. vs. Board of County Commissioners of Albany County 42 Wyo. 67, 289 P. 1096, the Court said:

"An additional defect in the instant case is that the Clerk's certificate was not made until June 24, 1929, long after the time for preparing and filing the record on appeal had expired. It is therefore evident that if we could overlook the delay in filing the record in this court and defects in the certification of the record, we would have to dismiss the appeal for want of jurisdiction because the record for the appeal was not perfected within the seventy day period which was not extended or enlarged. C. S. 1920, Sec. 6404; Hahn v. Citizens State Bank, 25 Wyo. 467, 484, 171 Pac. 889, 894; Kendrick v. Healey, 26 Wyo. 261, 269, 183 Pac. 37, 40."

Again in W. F. Henning v. City of Casper, 63 Wyo. 352, 182 Pac. (2d) 840 it was stated:

"Additionally, it may be observed that the Clerk's certificates to these records on appeal * * * were not made until August 10, 1946 and his certificate in Case No. 2372 was not made until August 12, 1946—all of these dates being after the seventy day limitation had expired.

"In Electrolytic Copper Co. vs. Board of County Commissioners of Albany County, Supra, it was held that where the Clerk's certificate to a record on appeal was not made until after the time for preparing and filing the record on appeal had expired, the appeal must be dismissed.

"The motions to dismiss these three cases must be sustained."

When the Direct Appeal law was enacted in 1917 there was a provision therein requiring that the record on appeal be certified by both the judge and the clerk, and the cases above cited were foreshadowed by what was said in Hahn v. Citizens State Bank, 25 Wyo. 467, 171 Pac. 889, 894, 172 Pac. 705, wherein this Court in referring to the certification of the record on appeal, under the law as then enacted, stated:

"But it cannot properly be filed as the record on the appeal until it has been authenticated by the required certificate or certificates of the judge and clerk."

And in Kendrick v. Healey, 26 Wyo. 261, 183 Pac. 37, the court again stated:

"So long as each certifies that the record is true and correct *and each certificate is within the time for filing the record on appeal,* that is sufficient." (Italics supplied.)

We are reluctant to dispose of this appeal other than on the merits, but this Court has repeatedly held that the timely filing of the record on appeal in the district court is jurisdictional. Numerous decisions to this effect are referred to in the citations above set forth, and we deem it unecessary to encumber this opinion by further reference to them.

In Berry vs. Sample, 28 Wyo. 272, 203 Pac. 257, Mr. Chief Justice Potter, speaking for the Court, used the following words:

"We refrain, however, from discussing the questions presented in support of these grounds upon the merits for the reason that, after having gone into a consideration thereof, a defect was discovered in the record leaving this court without jurisdiction to do otherwise than dismiss the appeal, as determined by our prior decisions to the effect that the preparation and filing of the record in the district court within the time required by statute is jurisdictional."

The quoted words are peculiarly applicable to this case.

It follows from what has been said that the appeal must be dismissed and it is so ordered.

*Appeal dismissed.*

BLUME, C. J., and CHRISTMAS, District Judge, concur.