## JOHNSON v. GOLDEN, TREASURER, ETC.

TAXATION — REVIEW OF VALIDITY OF TAX VOLUNTARILY PAID — APPEAL AND ERROR.

1.   In an action to enjoin the collection of a tax alleged to be void, plaintiff, who is also plaintiff in error, having previously voluntarily paid an amount sufficient to satisfy the tax upon that part of the assessment not declared void by the trial court, the appellate court will not consider or pass upon the validity of the same.

2.   The judgment of the trial court modified where it required as a condition to a perpetual injunction the payment of an additional sum which would be in excess of the amount actually due.

3.   The finding of the trial court that certain portions of the assessment were void can not be reviewed by the appellate court, the party against whose interests such finding was made not appealing nor assigning the same as error in any way, and such finding not having been questioned by motion for a new trial.

4.   An appellee can reap no advantage from adverse rulings unless he properly presents them on appeal by properly asssigning them as the law and rules of the court direct.

[Decided March 25, 1897.   Commenced in District Court December 6, 1895.]

ERROR to District Court for Albany County, HON. RICHARD H. SCOTT, Judge of the First District, presiding.

Action to enjoin the collection of a tax alleged to be void. The material facts are stated in the opinion.

*C. P. Arnold,* for plaintiff in error, contended that the whole tax was void, and that the trial court erred in requiring the plaintiff to pay the sum of $9.24 as due upon taxes as a condition precedent to relief, and cited Const. Art. 15, Sec. 11; Rev. Stat., Secs. 3790–93; Laws 1898–91., Ch. 38; State v. R. R. Co., 30 Pac., 693.

*W. J. Hills,* for defendant in error, contended that the tax was legal, and cited O'Neill v. Tyler, 3 N. D., 47.

CORN, JUSTICE.

This was an action brought by the plaintiff in error to enjoin the defendant in error, as treasurer of the city of Laramie, from the collection of a tax alleged to be void.

The evidence shows that the property of the plaintiff was assessed for taxation at $10,500, and that such valuation was subsequently raised by the board of equalization to $12,000. That the plaintiff appeared before the board, and upon his application this valuation was reduced to $11,600. The tax levy was five and one half mills, and the amount due from plaintiff upon this assessment was $63.80. Subsequently the board met, and without notice to the plaintiff increased this valuation to $16,795, and the sum of $93.87 was claimed by the defendant to be due from plaintiff on account of taxes. That these taxes were a lien upon the property of the defendant and a cloud upon his title.

The plaintiff paid to the defendant the sum of $66.25 as the amount due from him, and, the defendant refusing to give him a receipt in full for taxes for this amount, plaintiff brought this suit. There was included in this amount of $16,795 an assessment of $625.00 on account of shares of stock in the Laramie Mutual Building Association, a domestic corporation, but these shares are not included in the valuation of $11,600.

The plaintiff below (plaintiff in error here) alleged in his petition that his property was assessed at a higher valuation than adjacent and similar property; that personal property was assessed at only 60 per cent. of its value, while the real estate of plaintiff was assessed at more than its cash value; that there were no taxes due from plaintiff on account of the shares of building association stock, and that the raise in valuation by the board of equalization by which the valuation of the plaintiff's property was increased to $16,795 was illegal and void. The defendant filed a general denial.

A good deal of evidence, somewhat conflicting in its character, was heard by the court below upon the question of the value of the plaintiff's property and other property of like character in its vicinity. There is a substantial agreement between the parties as to the facts upon all other questions presented to the court below. The court made written findings to the effect:

1st. That there was still due from the plaintiff upon account of taxes upon the original assessment and the first raise in valuation the sum of $9.24.

2d. That the second raise in valuation by the board was void.

3d. That there were no taxes due on account of shares of stock in the building association.

The plaintiff excepted to the court's first finding, and the defendant to the second and third. The plaintiff presented his motion for a new trial, which was denied, and he now brings the case here by petition in error.

There is but one question presented to this court to decide, and that is, Did the court err in its finding that there was due from the plaintiff the sum of $9.24, which he must pay as a condition precedent to the allowance of the injunction? Upon this point the evidence shows, and it is conceded, that the plaintiff's property was valued at $11,600 and that the tax levy was five and a half mills. A brief calculation shows that the amount of taxes due from the plaintiff was $63.80, while the order of the

court required the payment of $9.24 in addition to the $66.25 admitted to be due and paid by the plaintiff to the defendant before the institution of this suit.

We would be glad to accommodate counsel by passing upon the several other questions to which they call the attention of the court, as we have no doubt the request for a decision upon them is made in perfect good faith and with the most proper motives, but Rule 13 of this court, which has been in force for more than twenty years, and, we think, uniformly followed in its decisions, provides that "nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled, and exception was at the time preserved to such ruling." And the general rule is that an appellee can reap no advantage from adverse rulings unless he properly presents them on appeal by properly assigning them as the law and rules of the court direct. Elliott's App. Proc., Sec. 416.

In this case the plaintiff having paid the amount which he thought to be rightfully due from himself, obtained by the judgment of the district court all he claimed or asked for, except for the small error in amount above referred to. He can not complain of decisions in his favor. The defendant, while excepting to two out of three findings of the court below, not only presented no motion for a new trial himself, but resists the granting of a new trial upon the motion of the plaintiff. The decision of the district court upon these propositions is therefore not legally questioned in this court. The rule above referred to is so salutary and indeed essential, and a departure from it by expressing opinions upon questions not legally presented, is so likely to involve confusion and possibly embarrassment, that an adherence to it is deemed better even in cases where an investigation and decision of such ques-

tions might, in the opinion of the court, be of some con-
venience and advantage to the parties.

The case is remanded, with directions to the court below
to modify its order by striking out the condition upon
which the injunction is made perpetual.

*Judgment modified.*

CONAWAY, C. J., and POTTER, J., concur.