## HECHT v. ACME COAL COMPANY.

### (No. 639.)

LANDLORD AND TENANT—RENT—LIABILITY—ASSIGNMENT OF LEASE—RECOVERY OF RENT BY ASSIGNEE—CORPORATIONS—PROOF OF INCORPORATION—CONTRACT DATED BEFORE ORGANIZATION—EFFECT AND VALIDITY—GUARANTY OF LESSEE'S PERFORMANCE OF TERMS OF LEASE—GUARANTOR'S LIABILITY.

1. Under a lease for a term of years of premises situated outside of any incorporated city or town for saloon purposes, the monthly rental was payable on the first day of each month in advance. The lessee's saloon license expired October 9, 1909, and could not be renewed or extended owing to a statute forbidding the granting or extending of licenses for the sale of liquors outside of incorporated cities and towns. The lessee vacated the premises July 24, 1909, leaving a balance of the July rent unpaid, and suit was brought for that balance and the rent for the months of August, September and October, 1909. *Held,* that until the expiration of the license it was not affected by the statute aforesaid; that the lessee could lawfully have carried on business thereunder until its expiration; and the October rent having become due and payable on the first day of that month, the lessee was liable for the rent for that entire month, and the preceding months, whether or not the lease was void or voidable after the expiration of the license.

2. An assignment of rent not due but payable in the future, as well as of rent past due, vests the assignee with every remedy and security available to the lessor as incident thereto, although not specifically mentioned in the instrument of assignment, and the assignee may maintain an action for the rent when it becomes due and payable without the aid of reversion.

3. Where a lease provides for the payment of a monthly rental at stated times during the term of the lease to the lessor, his heirs, or assigns, and, after an assignment of the lease, the lessee has attorned to the assignee by the payment of rent to him, it is not necessary to entitle the assignee to recover from the lessee and his guarantor rent becoming due after the assignment that the assignment be sufficient to convey the title in reversion. By such assignment the privity of contract between the lessor and lessee is transferred to the assignee.

4. A lease for five years at an agreed monthly rental to be paid to the lessor, his heirs, or assigns was assigned in writing by the lessors during the term of the lease. The lessee thereafter attorned to the assignee by the payment to it of rent as the same accrued. *Held,* that the lessee had recognized and assented to the assignment; that title to the rent which accrued thereafter vested in the assignee who became the real party in interest, and entitled to maintain an action in its own name to recover rent which had accrued and was unpaid.

5. The plaintiff, suing in its corporate capacity, introduced in evidence a certified copy of its certificate of incorporation under seal issued by the Secretary of State, and also a certified copy of its certificate of incorporation filed as required by law with the county clerk of the county wherein its business was to be carried on. *Held,* that this was sufficient evidence *prima facie* of its organization, existence, and authority to transact business, and to sue and be sued in its corporate capacity.

6. The certificate of incorporation of the plaintiff company, who sued as an assignee of a lease to recover rent, was filed with the county clerk on November 5, 1908, and with the Secretary of State on November 12, 1908, while the written assignment of the lease was dated November 5, 1908. *Held,* that the assignment would ordinarily take effect from its delivery rather than from its date, and, under the circumstances, upon the organization of the company, for it purports on its face to have been made for a valuable consideration, the lessee had recognized it by paying rent to the assignee, and it will be presumed to have been delivered upon the organization of the company.

7. A lease was made in consideration of a monthly rental, and the further consideration expressed in the lease of the written guaranty of a third party named that the lessee would perform the conditions and covenants assumed by

him under the terms of the lease. Following the signatures of the lessors and lessee appeared the written guaranty signed by the guarantor reciting that it was made for and in consideration of the leasing of the premises to the party of the second part, and guaranteeing "the full, complete, and faithful performance of the above lease with all its terms, conditions, and covenants by the said party of the second part, his heirs, and assigns." *Held,* that the guaranty was unconditional, and one of performacne and not of collection; that there being no express requirement in the guaranty that the lessors should first obtain judgment against the lessee as a condition precedent to the guarantor being called upon to pay the rent, no such requirement can be implied; and the liability of the guarantor became fixed upon the lessee's failure to perform the covenants of the lease, so that he could be proceeded against at once for the accrued rent which the lessee had failed to pay.

[Decided February 28, 1911.]                    (113 Pac., 786.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

The action was brought and judgment recovered against Dan McCoy and John Hecht, defendants, by the plaintiff, the Acme Coal Company, a corporation. The defendants prosecuted error. An amendment to the petition in error was allowed striking out the name of McCoy and leaving John Hecht as the sole plaintiff in error. The material facts of the case are stated in the opinion. The case was submitted and heard upon briefs filed in another case between the same parties. (No. 640.)

*Camplin & O'Marr,* for plaintiff in error.

*Burgess & Kutcher,* for defendant in error.

SCOTT, JUSTICE.

One Dan McCoy on September 12, 1908, leased a certain building and premises situated in Sheridan County and outside of any incorporated city or town from the co-partnership of Darnall & Craig for the period of five years commencing October 1, 1908, and to terminate October 1, 1913, with the privilege of renewing the lease for a further per-

iod of five years for saloon purposes as expressed in the written lease, at the monthly rental of $100.00, payable in advance on the first day of each and every month during the term of the lease and the further consideration as expressed in the lease of the written guaranty of John Hecht, the plaintiff in error, that the said McCoy would perform the conditions and covenants assumed by him under the terms of the lease. The lessors, Darnall & Craig, by an instrument in writing, on November 5, 1908, sold, assigned and transferred all their rights and privileges under and by virtue of such lease to Acme Coal Company, a corporation, the defendant in error. McCoy entered into possession of the property and occupied it and conducted a saloon business therein continually to July 24, 1909, and having failed to pay a balance of $15.00 rent for the month of July, and all of the rent for the months of August, September and October, 1909, the Acme Coal Company made demand on McCoy and Hecht for the payment of the same, and payment being refused, commenced this suit and recovered judgment for the sum of $315.00, and costs against McCoy and Hecht. The cause was tried to the court without the intervention of a jury. McCoy made no appearance and his default was entered. Hecht defended and brings the case here on his separate assignments of error.

1. It is contended that the judgment is contrary to law and the evidence. Hecht's liability if any arose by reason of the failure to pay the rent after July 24, 1909, and his written guaranty following the signatures of the lessors and lessee is as follows, to-wit:

"For and in consideration of the leasing of the above described premises to the party of the second part, I, John Hecht, of Sheridan County, Wyoming, hereby guarantee the full, complete and faithful performance of the above lease with all its terms, conditions and covenants by the said party of the second part, his heirs and assigns.

"*Witness*: JAMES H. BURGESS.          JOHN HECHT."

Hecht's defenses were two in number; first, A general denial, and second, That the building was rented for sa-

loon purposes; That McCoy on October 9, 1908, applied to the board of county commissioners of Sheridan County for and received an annual license as a retail liquor dealer, the business to be conducted in and upon said leased premises, and that it was so conducted until July 24, 1909, when he vacated the premises and refused to pay the rent from that time because and by reason of Section 1, Ch. 7, L. 1909, Sec. 2833 Comp. Stat. 1910, which provided that the board of county commissioners should refuse to grant any license or extend any existing license for the sale of liquors at any place outside of incorporated cities and towns. The reply put in issue the new matter set up as a seceond defense.

Upon the facts there is practically no dispute. It is admitted that the lease was valid at the time of its execution, but it is contended that, as it would be unlawful to use the leased premises for saloon purposes after October 9, 1909, by reason of the act above referred to prohibiting a license therefor, McCoy upon vacating the premises was relieved from further liability for payment of the rent. The license under which McCoy was doing business up to the time he vacated the premises in July, 1909, was in no way affected by the act of the legislature. He could lawfully carry on his business of retail liquor dealer under the provisions of the act during the remainder of the time covered by such license. He was not prevented by the act from continuing his occupancy of the building for saloon purposes to that time and it is not claimed that he was relieved from payment of the rent for that period as stipulated in the lease other than by such act.

The license expired on the 9th day of October, 1909, and by the terms of the lease the rental for that month became due and payable in advance on the first day of that month. The monthly rental as stipulated in the lease was for the entire month. It was payable in advance. The month was a unit. It was indivisible. The $100.00 rental for that month was for the use of the premises for the entire month, and whether or not the lease was void or voidable after the expiration of the license, we are of the opinion that the

lessee was not relieved from payment of the rent for that month which by the terms of the lease had accrued and was then due and payable. (24 Cyc. 1163.) The defense as pleaded did not arise until October 9, 1909, while the rent for the month of October was due and payable on October first in advance, and the plaintiff was clearly entitled to the month's rent. (Weston v. Ryley, 15 Misc. (N. Y.) 638, 37 N. Y. Supp. 216; Davidson v. Donadi, 2 E. D. Smith (N. Y.), 121; Am. Bonding Co. v. Pueblo Inv. Co., 80 C. C. A. 97, 150 Fed. 17, 30; Okie v. Person, 23 App. Cases (D. C.) 183; Bernstein v. Heineman, 51 N. Y. S. 467, 23 Misc. Rep. 464; A. & E. Ency. L. 295.)

It is urged that the assignment was not sufficient to convey the estate in reversion and for that reason it is contended that the company as assignee could not maintain the action. It may be conceded that the assignment does not purport and that it is insufficient to convey the title in reversion. It was held by this court in Ramsey v. Johnson, 8 Wyo. 470, 58 Pac. 755, 80 Am. St. Rep. 948, that an assignment of rent past due constituted the assignment of a chose in action and vested the assignee with every remedy and security available to the lessor as incident thereto although they are not specifically mentioned in the instrument of assignment. We think the same rule obtains when the rent is not due but is payable in the future and that the assignee could maintain its action for the rent when it became due and payable without the aid of reversion. (Tyler v. Heidorn, 46 Bar. 452, 18 Cyc. 286.) The agreement is to pay the monthly rent at stated times during the term of the lease. It is expressly stated in the lease that these payments are to be made to the lessors, their heirs or assigns. The privity of contract between the lessors and the lessee was transferred by assignment within the provisions of the lease to the Acme Coal Company. (Hunt v. Thompson, 2 Allen, 342; Van Renselaer v. Hayes, 19 N. Y. 68; Willard v. Tillman, 2 Hill, 274; Moffatt v. Smith, 4 N. Y. (4 Comst.) 126; Pfoff v. Golden, 126 Mass. 402; Kendall v. Garland, 59 Mass. (5 Cush.) 74; 18 A. & E. Ency. L. 286.) After

such assignment the lessee attorned to the company by payment to it of the rent as it accrued. The lessee thus recognized and assented to the assignment. Title to the rent which accrued thereafter vested in the assignee and it became and was the real party in interest, and that being so it could maintain the action to recover the rent in its own name. (Sec. 4311, Comp. Stat. 1910; Sec. 661, Underhill on Landlord and Tenant; 4 Cyc. 39.)

The defendant in error sued in its corporate capacity. The answer was a general denial except as to matters therein specially admitted. It is at least doubtful whether such denial put in issue the existence of the corporation. It introduced in evidence a certified copy of its certificate of incorporation under seal issued by the secretary of state, also a certified copy of its certificate or articles of incorporation filed as required by Sec. 3966, Comp. Stat. 1910, with the county clerk of the county wherein the business of the company was to be carried on. This was sufficient evidence *prima facie* of its organization, existence and authority to transact business, and to sue and be sued in its corporate capacity. The duplicate certificate required to be filed in the office of the county clerk was so filed on November 5, 1908, while that in the Secretary of State's office was filed on November 12, following. The assignment of the rent was in writing and dated November 5, 1908. It is apparent that the assignment was not effective at a time when the assignee named therein was not in existence and authorized to do business, although it was in process of creation. The assignment would take effect from and after its delivery and not from its date. We think the same rule should apply that obtains in the case of a conveyance of land to an intended corporation before its organization. In such cases the deed will take effect upon its organization. This rule is well settled. (Sec. 2372, Vol. 3, Thomp. Corp.) By analogy of the case before us the assignment, purporting upon its face to have been made for a valuable consideration and having been recognized by payment of the rent to the assignee, will be presumed to have been delivered upon the

organization of the assignee as a corporation when it became fully competent and capable of accepting the assignment. The proof was sufficient upon this branch of the case.

It is contended that Hecht was not primarily liable upon his guaranty for the payment of the rent and that for that reason the judgment is contrary to law. The guaranty was unconditional, and one of performance and not of collection. The consideration of the guaranty was the leasing of the premises to McCoy and one of the considerations for such lease as stated therein was the guaranty by Hecht of the full, complete and faithful performance of all its terms, conditions and covenants by McCoy. It amounted to a contract of suretyship. Hecht's contract was to see that McCoy pays or performs his obligations. His promise to the lessors was that McCoy would perform his agreements under the lease to and with the lessors or their assigns. (Am. Bonding Co v. Pueblo Inv Co. *supra;* Nelson v. First Nat. Bank, 16 C. C. A. 425, 435, 69 Fed. 798, 807; Williams v. Lyman, 31 C. C. A. 511, 514, 88 Fed. 237, 241.) There was no express requirement in the guarantee that the lessors or their assigns should first obtain judgment against McCoy, the lessee, as a condition precedent to Hecht, the guarantor, being called upon to pay the rent, and for that reason such a requirement can not be implied. (Sec. 376, Underhill on Landlord and Tenant.) By the contract of guaranty Hecht assumed the performance of the covenants of the lease which the lessee failed to perform. This liability became fixed upon the lessee's failure to perform, and the assignee of the lease could at once proceed against him for the accrued rent which McCoy had failed to pay. Sec. 110, *id.*

The evidence supported the allegation of the petition which as we have shown stated a cause of action against the defendants and clearly established the right of the company to the judgment rendered in its favor by the lower court.

No error appearing in the record, the judgment will be affirmed.            *Affirmed.*

BEARD, C. J., and POTTER, J., concur.