## MERCHANTS' NATIONAL BANK OF OMAHA
## v. AYERS*

(No. 1364; October 4, 1927; 259 Pac. 804)

APPEAL AND ERROR—GUARANTY—CONDITIONAL EXECUTION—ACCEPT-
ANCE—NOTICE OF ACCEPTANCE—GUARANTEE OF PERFORMANCE.

1.  On direct appeal under Comp. St. 1920, § 6405 et seq., an
    allegation in the specifications of error that the verdict
    is not sustained by the evidence and is contrary to the
    law is reviewable notwithstanding no motion for new
    trial on such grounds has been made as is necessary
    under section 5870, in a proceeding in error.

2.  In action on bank president's written guaranty of note,
    evidence *held* insufficient to warrant finding that plaintiff
    had notice that defendant signed guaranty on condition
    that note be indorsed by bank cashier.

3.  In action on bank president's written guaranty of note,
    which defendant claimed was mere unaccepted offer of
    guaranty, *held* plaintiff's extension of credit to defend-
    ant's bank in reliance on such guaranty was sufficient
    manifestation of its assent if necessary.

4.  Where bank requests guaranty of notes discounted for
    another bank, a specific acceptance of agreement to
    guarantee is not necessary.

5.  Bank president's written guaranty of notes rediscounted,
    expressly waiving notice of ''loans made'' and of ''any
    and all acts or things by said bank to be done to estab-
    lish the liability of the undersigned guarantors,'' *held* a
    specific waiver of notice of acceptance of guaranty if
    otherwise necessary.

6.  On bank's appeal from adverse judgment in action on
    written guaranty of notes discounted for another bank,
    defendant *held* not entitled to affirmance of judgment
    notwithstanding errors on theory that certain defenses
    not submitted to jury would have been determined in
    defendant's favor in any event.

7. Bank president's guaranty of customer's notes discounted by another bank *held* an unconditional guaranty of performance or payment, and not merely a guaranty of collection requiring exhaustion of remedies against maker.

*See Headnotes: (1) 3 C. J. p. 987 n. 38; (2) 28 C. J. p. 1031 n. 82; (3) 28 C. J. p. 908 n. 27; p. 1031 n. 77; (4) 28 C. J. p. 899 n. 50, 51; (5) 28 C. J. p. 908 n. 30; (6) 4 C. J. p. 1404 n. 65; 28 C. J. p. 896 n. 3, 4; (7) 28 C. J. p. 950 n. 12.

Appeal from District Court, Laramie County, Harry P. Ilsley, Judge.

Action by the Merchants' National Bank of Omaha, Neb., against W. L. Ayers. Judgment for defendant, and plaintiff appeals.

*J. E. Jacobson,* of Wheatland, for appellant.

Knowledge acquired by the bank and Mr. Cooper was knowledge of the defendant Ayers. Comm. B. & T. Co. v. Hauf, 230 Pac. (Wyo.) 539, 21 R. C. L. 838, 31 Cyc. 1587. Evidence of an alleged collateral agreement, affecting the guaranty, cannot be received for the purpose of varying its terms. 22 C. J. 1248, Sec. 4719 C. S.; Stickney v. Hughes, 12 Wyo. 404; George v. Emery, 18 Wyo. 360; Clerk v. Russell, 3 Dall. 415. The construction of written instruments belongs to the court, 6 R. C L.. 862. Where notice in writing is required for revocation, no notice of acceptance is necessary, Bank v. Packing Co., 111 Pac. (Calif.) 575; Birken v. Tapper, 189 N. W. (S. D.) 698; Wall v. Eccles, (Utah) 211 Pac. 704; Deering v. Mortell, 16 L. R. A. (N. S.) 359, and cases cited. Defendant was requested by plaintiff bank to execute the guaranty which was given in response to this request, Davis v. Wells Fargo Co., 194 U. S. 159; this dispensed with notice of acceptance. Bank v. Andrews, 205 N. W. 732. The guaranty being absolute, defendant's liability became fixed upon non-payment of the debt, without pursuing the principal debtor; Company v. Bryan (Calif.) 200 Pac. 823;

Bank v. Co., 263 S. W. 54; Bank v. Schirmer, 159 N. W. 800; Bank v. Co., (Minn.) 200 N. W. 851.

*Kinkead, Ellery & Henderson,* for respondent.

The plaintiff prescribed the form of contract, and if there is any ambiguity, it must be resolved against the plaintiff. Cochran v. Kennedy, 10 Daley (N. Y.) 346; Peck v. Peck, (Wis.) 103 N. W. 5. The instrument must be construed in favor of the guarantor. 28 C. J. 932; Hartman v. Hartman, 160 N. W. 295. The apparent purpose of the guaranty was to enable the State Bank to borrow up to the limit of $50,000, which was in excess of the amount permitted by statute, 5143 C. S. A contract in violation of a statute is not enforceable. Gould v. Co., 17 Wyo. 507; Bank v. Bank, 300 Fed. 945; Fidelity Assn. v. Shea, (Idaho) 55 Pac. 1022; Dennison v. Gibson, 243 Mich. 186; Brick Co. v. Ry. Co., 154 Fed. 929; Utah Co. v. St. Louis Const. Co., 254 Fed. 324; Central Ry. Co. v. Pipe Line Co., 1 Fed (2nd) 868. Where the object is to do an illegal act, the agreement is void, Sayres v. Decker, (N. Y.) 145 N. E. 744; McCormick v. Bank, 165 U. S. 638, and relieves a surety, Levy v. Wise, 15 La. Ann. 38; and defendant cannot be estopped to plead its illegality. Roberts v. Criss, 266 Fed. 296; Handy v. Publishing Co., (Minn.) 41 N. W. 188; Standard Assn. v. Aldrich, 163 Fed. 216, 10 L. R. A. (N. S.) 393; Smith v. Rennicks, (N. D.) 204 N. W. 843; Bank v. Kennedy, 167 U. S. 367; De LaVergne Co. v. German Inst., 175 U. S. 59; Ry. Co. v. Pipe Line Co., 1 Fed. (2nd) 866. Contracts prohibited by statute cannot be enforced. Dukam v. Streator, (Ill.) 146 N. E. 550; Workingmen's Banking Co. v. Rautenberg, 103 Ill. 416; Ank v. Armstrong, 152 U. S. 346. The question of the sufficiency of the evidence can only be considered in connection with a motion for a directed verdict. The exceptions to instructions are insufficient. C. & N. W. Ry. Co. v. Ott, 237 Pac. 238. There was no question of agency

between Ayers and the Platte County State Bank. Ayers signed the guaranty upon condition that another would also sign. This condition could not be waived for him by the Platte County State Bank. The case of Bank v. Packing Co., 111 Pac. 575, has no application on the facts here as appears from the language of that opinion. This case should be distinguished from cases in which no notice of acceptance by the guaranty is required. Davis v. Wells-Fargo Co., 194 U. S. 159. The guarantee, as a matter of fact, refused to accept it with the condition attached, and not having accepted by the extension of credit, prior to having learned of the condition imposed by Ayers, there was no acceptance at all—no meeting of minds. Dearing v. Mortel, 16 L. R. A. (N. S.) 354; Royal v. Newton, (Utah) 239 Pac. 949; Cont. Supply Co. v. Smith, 241 Pac. 770; Ochler v. Cowley, (Okla.) 231 Pac. 539; Davis v. Richards, 115 U. S. 524. As to discounts, the instrument plainly states, that it was a guaranty of collection only, in which case the plaintiff could not recover under the facts in evidence.

KIMBALL, Justice.

The Merchants National Bank of Omaha, Nebraska, plaintiff, sued W. L. Ayers, defendant, to recover the amount due on a promissory note discounted by the plaintiff for the Platte County State Bank of Wheatland, Wyoming. The case was tried to a jury and the verdict and judgment were for the defendant. The plaintiff appeals.

The defendant was sued as guarantor. He was one of the signers of the following written guaranty:

"WHEREAS, Platte County State Bank of the State of Wyoming, having its principal office at Wheatland in the County of Platte and State of Wyoming is desirous of maintaining a line of credit with THE MERCHANTS NATIONAL BANK of Omaha, Nebraska, and of borrowing money of said bank, and said bank has agreed to

extend such credit upon the condition of the guaranty by W. L. Ayers, E. L. Rumsey, W. E. Sloan and W. S. Cooper residing at Wheatland, Wyo. of the prompt and full payment by said Platte County State Bank of all indebtedness now due or owing from said Platte County State Bank to the bank, or which may at any time hereafter be due or owing from said Platte County State Bank to said bank, during the period of the guaranty, and the prompt discharge of all of the liabilities to said bank, and the complete performance of all duties and obligations by said Platte County State Bank to be at any time performed, or owing, to said bank.

"THIS AGREEMENT WITNESSETH, That, for value received from said The Merchants National Bank, Omaha, Nebraska, and in consideration of the premises, and of the continuance of said line of credit, the said W. L. Ayers, E. L. Rumsey, W. E. Sloan, W. S. Cooper jointly and severally promise, agreed and undertake, to and with the said The Merchants National Bank, of Omaha, Neb., its successors and assigns, to indemnify and save harmless the said bank, from any loss, expense or damages by reason of any loans, discounts, credits or other accommodations already made or granted, or which may be hereafter made or granted, by said bank to said Platte County State Bank in an amount not exceeding Fifty Thousand Dollars and do hereby guarantee the full and prompt payment by said Platte County State Bank of all its indebtedness to said bank which now exists or which may be hereafter contracted, not exceeding said sum, and the complete discharge and performance by said Platte County State Bank of all its liabilities, duties and obligations to said bank which now exists or which may be hereafter incurred, hereby waiving any and all notice of loans made, defaults in payment, and of protest, and any and all other acts or things by said Bank to be done to establish the liability of the undersigned guarantors in the premises, and waiving presentment, demand and protest.

"This guaranty is understood to be a continuing guaranty to said bank, in the full sum aforesaid, until revoked by due notice in writing, signed by all guarantors, specifying the purpose of such notice and served personally on the cashier and on the president or vice-president of said bank, and this guaranty shall continue good and binding

until all of the amounts owing from said Platte County
State Bank to said bank, or on which it shall be liable to
said bank, at the time of such notice, shall be paid, and
shall bind the heirs, executors and administrators of said
guarantors, and of each of them.''

''In witness whereof, we have hereunto set our hands
and seals this 29th day of November, 1919.''

(Signed)  Wm. L. Ayers
E. L. Rumsey
W. E. Sloan
W. S. Cooper.

The signers of this writing were all interested in the
Platte County Bank. Ayers, the defendant, was presi-
dent; Sloan and Rumsey were directors, and Cooper was
cashier. The Platte County Bank frequently sent to the
plaintiff commercial paper for rediscount, and the plain-
tiff required that such loans or discounts be guaranteed
by persons interested in the Platte County bank. A pre-
vious guaranty given for that purpose had been signed by
Daniel Miller, Sloan, Rumsey and Cooper, and that guar-
anty provided that all discounted paper should bear the
personal endorsement of Cooper. In November, 1919, the
defendant, Ayers, having acquired the interests of Miller,
the plaintiff wrote Cooper, cashier of the Platte County
bank, as follows:

''We have just received information that Mr. Miller
has left the state of Wyoming and is now living in Cali-
fornia. We are also informed that Mr. W. L. Ayers has
purchased Mr. Miller's interests in your bank. If this
information be correct it is certainly advisable that Mr.
Ayers should execute to this bank a guaranty for the
paper discounted by you acting for the bank. We have a
guaranty executed in November 1918 signed by Dan
Miller, E. L. Rumsey, W. E. Sloan and W. S. Cooper. I
enclose herewith a couple of blank forms and we desire
that a guaranty be sent us not exceeding $50,000.00 and
to be signed by Mr. Ayers and the men associated with
him in the institution.''

One of the blank forms enclosed with the above letter was used in the preparation of the new guaranty which is quoted above. The blanks in the form were filled in at the Platte County bank, and the writing, signed by the defendant and others as heretofore shown, was then mailed to the plaintiff, but without any accompanying letter. Its receipt by plaintiff was acknowledged by a letter dated December 4, 1919, in which plaintiff said:

"We are in receipt to-day in an envelope without any letter of a bond signed by Mr. Wm. L. Ayers, et als in the sum of $50,000, for paper discounted by us for the benefit of your bank. Did you enclose any letter with it?"

On December 6, 1919, the Platte County bank, by its cashier, wrote plaintiff:

"We have sent you our Directors' Guarantee for Fifty Thousand Dollars in separate envelope. This Guarantee was filled out here in the office by ourselves and we failed to state in it who should endorse the notes. The endorsement on any notes sent you will be made in accordance with our old guarantee, signed by W. S. Cooper personally.
"Trusting you will find this Guarantee correct and thanking you for past favors, we are," etc.

To that letter the plaintiff, December 10, 1919, by letter addressed to Cooper, cashier, replied:

"We are in receipt of your letter today of the 6th inst. The guaranty was duly received in an envelope without any letter of explanation.
"The guaranty is signed by Messrs. Ayers, Rumsey, Sloan and Cooper and guarantees the indebtedness of the Platte County State Bank to this bank. That being the case it will be necessary for you to endorse any notes sent us in the name of the Platte County State Bank. The guaranty does not cover any paper endorsed by you individually."

The foregoing is in substance all the correspondence in reference to the execution and delivery of the writing in question. There was no reply to plaintiff's letter of December 10. The writing was entered by plaintiff on its "collateral register" as a "guaranty" in the sum of $50,000. Thereafter, the plaintiff continued frequently to discount paper endorsed and transmitted to plaintiff by the Platte County bank, and there can be no doubt under the evidence that in those transactions the plaintiff was relying on the written guaranty.

Among the notes so discounted was the one in question, the note of Edward L. Rumsey for $6000, dated December 12, 1922, due June 12, 1923, payable to, and endorsed in blank by, the Platte County bank. The note was secured by a chattel mortgage from the maker to the payee. The maker was the same Rumsey who, with defendant and others, had signed the written guaranty.

The Platte County bank, having become insolvent, closed its doors February 16, 1923, and its affairs were taken over by the state examiner and later by a receiver. When it suspended business, the only discounted paper of the insolvent bank that was then held by plaintiff was the Rumsey note, which was not yet due, and on which no payments had been made. The insolvent bank when closed had on general deposit with plaintiff the sum of $899.43. This amount was turned over to the receiver about June 14, 1923.

Several payments on the Rumsey note were made to the receiver, turned over to plaintiff and credited on the note. The balance of principal and interest due thereon at the time of trial was $2062, for which the plaintiff sought judgment together with attorney's fee provided for in the note.

The case has been brought to this court under the so-called direct appeal statute. There was no motion for a new trial. The specifications of error include the specifi-

cations that the verdict is not sustained by sufficient evidence and is contrary to law. The plaintiff contends that in the absence of a motion for a new trial on those grounds, the allegations in the specifications of error that the verdict is not sustained by the evidence and is contrary to law, present nothing for our consideration. It is argued that until such a motion for a new trial is presented and overruled, the trial court has not erred, and there is no ruling on which to base an exception.

It is true, as called to our attention, that the specifications in question state grounds for a new trial under section 5870, C. S. 1920, and that, in a proceeding in error, the error in failing to grant a new trial on such grounds is properly preserved by an exception to the overruling of the motion for a new trial and the inclusion of the motion, ruling and exception in a bill of exceptions. Hall Oil Co. v. Barquin, 33 Wyo. 92, 118, 237 Pac. 255. It may be conceded that, before the enactment of the direct appeal statute (ch. 392, C. S. 1920), the method just described was the only method of making up a record on such questions for consideration by this court, and that that continues to be the rule in cases brought here by proceedings in error.

It is quite clear that the direct appeal statute contemplates that the appellant may question the verdict or decision because not sustained by sufficient evidence or contrary to law. In section 6405 it is provided that,—

"Whenever the party appealing * * * questions the sufficiency of the evidence to sustain the verdict * * *, or alleges that the verdict * * * is contrary to law, the party appealing shall cause to be prepared by the official court reporter a complete transcript of all the testimony * * *."

The transcript of the testimony is included in the "record on the appeal," and the specifications of error also

become a part of that record. Sec. 6406. The specifications of error set forth the matters "relied upon for a reversal of the cause on appeal." Sec. 6408. When the specifications of error have been filed with the clerk, it becomes his duty, within five days, to notify the judge that the record on appeal is perfected. It then becomes the duty of the judge, within fifteen days after receiving such notice, "to review the record on appeal and consider the specifications of error," and to determine whether the appellant is entitled to a new trial. Sec. 6410. If the trial judge refuse to grant a new trial, no order to that effect is required, but the case then comes to this court by the filing of the record on appeal with our clerk. Sec. 6410-6411. It then becomes our duty to review the judgment, by a consideration of the specified errors.

As said in Allen v. Lewis, 26 Wyo. 85, 95-96, 177 Pac. 433, 436, referring to a motion for a new trial:

"The direct appeal statute does not provide for making such a motion, but substitutes therefor specifications of error and the provisions aforesaid for the consideration thereof by the district court, without, however, requiring the record of any decision thereon unless a new trial be granted."

And in McClintock v. Ayers, 34 Wyo. 476, 489, 245 Pac. 298, 302, we said that,—

"It was proposed by enacting the direct appeal statute to provide an independent and additional method of coming to this court, which would avoid the necessity of either filing a motion for new trial or preserving any matter by bill of exceptions."

Our opinion that the direct appeal statute does not require a motion for a new trial has been expressed in other cases. Mitter v. Black Diamond Coal Co., 27 Wyo. 72, 76, 191 Pac. 1069, 193 Pac. 520; Thomas v. Bivin, 32 Wyo. 478, 482, 235 Pac. 321.

When, as in this case, the record on appeal contains a transcript of the evidence, as provided in section 6405, and the specifications of error allege that the verdict is not sustained by sufficient evidence and is contrary to law, the questions so raised by the record are presented to the trial judge when he reviews the record on appeal, and he may, as held in Allen v. Lewis, 26 Wyo. 85, 111, grant a new trial on such grounds. If the verdict be unsupported or contrary to law, and a new trial be not granted, the error appears upon the record on appeal, and comes before us for our consideration without the necessity of an exception. That no exception is required is plain from the procedure prescribed by the statute. The denial of a new trial is not required to be made a matter of record, but may appear from the mere failure to grant a new trial. No method is provided for preserving an exception.

We are clearly of opinion, therefore, that the specifications of error in this case, as in all previous cases where the point has been considered by this court, take the place of a motion for a new trial. In appealed cases this rule will control so as to avoid the necessity of a motion for a new trial on all matters that might have been grounds for a motion for a new trial under section 5870, except, perhaps, the grounds mentioned in subdivisions two, three and seven, which, under sections 5873-5874, must be supported by affidavits, depositions or other proofs. As to those grounds, it may be that a motion for a new trial is still necessary in all cases, but on that point we need not now express an opinion.

The issue which probably resulted in the verdict for defendant was raised by the following allegations contained in an amendment to the answer:

"Defendant states that, by way of further and additional defense to plaintiff's cause of action, that at the time said contract sued upon by plaintiff was signed by this defendant, it was orally understood and agreed by

and between the parties thereto that no paper whatever should be accepted by said plaintiff for re-discount during the continuance of said contract, or in reliance thereon, unless said paper so offered for discount bore the indorsement of one W. S. Cooper, who was at said time an employe of said Platte County State Bank, and unless said paper so offered to the plaintiff was forwarded to it over the signature of the said W. S. Cooper, who was also a co-signer of said contract with this defendant; that the said note of the said Rumsey never was indorsed or transmitted to said plaintiff by the said Cooper, and the same was not accepted by plaintiff by virtue of, and in reliance upon said contract; that said oral contract aforesaid, as in this paragraph set forth, was in addition to said written contract so sued upon by plaintiff, and made under the same consideration thereof.''

The evidence relied upon to prove this defense was the letter of December 6, 1919, quoted above, from Cooper to plaintiff, and defendant's testimony that he signed the written guaranty on the condition that all guaranteed paper should bear the personal endorsement of Cooper, and that he instructed Cooper to notify the plaintiff of the condition.

The defense was submitted to the jury by the following instruction:

''If you believe from the evidence, and so find, that at the time that the contract in suit was signed by the defendant Ayers, he imposed the condition upon his signature that all notes discounted thereunder should bear the personal endorsement of W. S. Cooper and that he directed the said Cooper to notify the plaintiff prior to the time the Merchants National Bank accepted the contract of guaranty, and that before any credit was extended thereunder the plaintiff bank was notified of such condition, and it never notified the defendant Ayers of its refusal to abide by said condition, then any notes discounted by said plaintiff bank for the Platte County State Bank which did not bear the endorsement of the said W. S. Cooper would not come under the terms of said contract, and the note in

suit, not having been endorsed personally by the said W. S. Cooper, plaintiff would not be entitled to recover thereon.''

Under principles stated in McClintock v. Ayers, (Wyo.) 253 Pac. 658, it is probable that the condition testified to was one that, to be effective, should have been contained in the writing, and that proof thereof was forbidden by the parol evidence rule. However that may be, and assuming that the correctness of the instruction by which the issue was submitted, we think the evidence was insufficient to warrant a finding that plaintiff had notice that defendant had signed on such a condition. The so-called condition was not made known to plaintiff unless by the letter of December 6, 1919, from Cooper to plaintiff. That letter says nothing about any conditional signing or conditional delivery. It simply recited the writer's assumption that, as the guaranty did not state who should endorse the notes the practice under the former guaranty would be continued. The plaintiff had no reason to suppose that Ayers was interested in having Cooper place his personal endorsement on paper which he had already agreed to guarantee, and which would be forwarded under his supervision as cashier of the Platte County Bank. The information conveyed to plaintiff by Cooper's letter cannot be stretched to serve as proof of notice that defendant signed the guaranty on the condition that he should not be bound unless the paper were endorsed by Cooper. Besides, the plaintiff promptly replied by its letter of December 10, telling Cooper that it would not be necessary for him to endorse the paper. To this letter there was no answer, but thereafter paper was discounted with plaintiff in accordance with the written guaranty. The discounted paper was endorsed in the manner stated in plaintiff's letter. The exchange of letters between Cooper and plaintiff showed merely a difference of opinion as to the meaning

of the contract, or as to the form of the transactions thereunder. There is no doubt that plaintiff's opinion was thereafter accepted.

Though perhaps not material we may note that the instruction, to warrant the verdict for defendant, required a finding that plaintiff did not notify defendant of its refusal to abide by the condition. If Ayers notified plaintiff of the condition, he did so by his agent, Cooper. If Cooper was Ayer's agent to give notice of the condition, he certainly continued as agent long enough to receive the reply to his letter, and that reply (letter of December 10) was clearly notice that plaintiff did not understand that there was a condition that discounted paper should be endorsed by Cooper.

The defendant in his answer alleged that there was no contract of guaranty; that the writing in question, signed by defendant and others, was but a proposal or offer signed and submitted to plaintiff for plaintiff's approval and acceptance; that the said proposal or offer was not approved and accepted by plaintiff; that there was no notice to defendant, or any of his co-signers, of plaintiff's approval, nor any notice to defendant that plaintiff intended to, or had, discounted the Rumsey note for the Platte County bank.

It is not clear whether the issue attempted to be raised by this defense was submitted to the jury. The issue was mentioned in the instruction, but in such a way that it is doubtful whether the court intended to tell the jury that the defense might be the basis of a verdict for defendant. For the purposes of this decision we shall assume that the issue was submitted.

The decisions in regard to the necessity of a notice of acceptance in contracts of guaranty leave the law in much confusion. The subject is discussed on principle in Williston on Contracts, Sec. 69-69a; Colum. L. Rev. 215; Midland Nat. Bank v. Security Elevator Co. (Minn.) 200 N.

W. 851. See cases reviewed in note, 16 L. R. A. (N. S.)
353. The point has never been considered by this court.

While the cases are in conflict, it would probably be im-
possible to find any authority for holding that notice of
acceptance was required in a case like this where the
agreement to guarantee was signed at the request of the
plaintiff (Davis Sewing Machine Co. v. Richards, 115 U. S.
524), by the president, cashier and directors of the bank
to be accommodated who, the plaintiff might well suppose,
would have prompt knowledge of the transactions out of
which their liability arose. Bishop v. Eaton, 161 Mass.
496, 500. See: Mamerow v. National Lead Co., 206 Ill. 626,
638.

We may concede, as contended by defendant, that the
writing in question in this case was an offer to guarantee
which the plaintiff might or might not accept, and that
without acceptance there was no contract. "But," as said
in Bishop v. Eaton, 161 Mass. 496, 499,

"this was not a proposition which was to become a con-
tract only upon the giving of a promise for the promise,
and it was not necessary that the plaintiff should accept it
in words, or promise to do anything before acting upon it.
It was an offer which was to become effective as a contract
upon the doing of the act referred to. It was an offer to be
bound in consideration of an act to be done, and in such a
case the doing of the act constitutes the acceptance of the
offer and furnishes the consideration. Ordinarily there is
no occasion to notify the offerer of the acceptance of such
an offer, for the doing of the act is a sufficient acceptance,
and the promisor knows that he is bound when he sees
that action has been taken on the faith of his offer."

The granting by plaintiff of the contemplated accommo-
dations to the Platte County bank furnished the considera-
tion for the defendant's promise to guarantee, and was
also an overt manifestation of plaintiff's assent. Williston,
supra, Sec. 68. Where, in such a case, notice is necessary

at all it is necessary only as a condition subsequent, and may be waived in the offer. Williston, Sec. 68a. The offer in the case at bar expressly waived notice of "loans made," and of "any and all acts or things by said bank (plaintiff) to be done to establish the liability of the undersigned guarantors in the premises." There was the additional stipulation that the guaranty should continue in force until revoked in writing. These provisions, in our opinion, were sufficient to show a waiver of the right to notice, even if it be conceded that otherwise a notice would have been necessary.

No other defense was submitted to the jury. We must hold that the verdict was not supported by sufficient evidence and contrary to law.

The defendant pleaded several other defenses. He alleged that the loan of $6000 to Rumsey, being an excessive loan under the laws of this state, was *ultra vires* and void, and therefore not within the purview or objects of the written guaranty. Also, that the contract of guaranty was opposed to public policy and void, because its effect was to give the Platte County bank a fictitious credit and to involve it in endorsement obligations many times in excess of its capital stock, and served to encourage its officers to ignore the statutes prohibiting excessive loans. Further, that defendant never intended to guarantee paper of Rumsey, nor of any other co-signers of the written guaranty.

These defenses found no favor in the trial court, and are not discussed in plaintiff's brief filed in this court. They are discussed at some length in the brief of defendant who contends that if we should hold, as we do, that the verdict on the issues submitted was wrong, we should nevertheless affirm the judgment on the ground that the same judgment should have been rendered on some one or more of the other pleaded defenses that were held by the trial judge to be insufficient. Our rules do not require a reply

brief and the plaintiff has not filed one. The case was submitted without oral argument. On defendant's contentions that the contract was void, and that it did not cover the Rumsey note, the plaintiff has not been heard in this court. Those contentions are not before us on any assignments of error, but we shall assume under Pardee v. Kuster, 15 Wyo. 368, 89 Pac. 572, 91 Pac. 836, referred to in McClintock v. Ayers, on rehearing, 255 Pac. 355, that the whole record is available for the purpose of showing that errors assigned by appellant were harmless.

We are not convinced that the trial court erred in the rulings against defendant on the issues that were not submitted to the jury. As such rulings are not legally questioned in this court, and have been discussed by defendant's counsel only, we deem it unnecessary and inadvisable to set forth the reasons for holding that the record, in our opinion, fails to show that plaintiff was not prejudiced by the judgment. See Johnson v. Golden, 6 Wyo. 537, 48 Pac. 196. For the benefit of defendant, we may add that we do not consider that we are settling the law of the case on matters that are presented to us for the mere purpose of showing that the plaintiff was not prejudiced by the judgment.

The mortgage from Rumsey to the Platte County bank to secure the note in question was never foreclosed. Rumsey died before the commencement of this action. Several payments on the note by him, before his death, and by his legal representatives thereafter, were made to the receiver of the Platte County bank. The amounts paid were sent to plaintiff and credited on the note, but no affirmative action was taken by plaintiff to collect the remainder. Defendant contends that the plaintiff could not recover in the absence of evidence showing that the debt could not have been collected by foreclosure or otherwise from Rumsey or the Platte County bank. This contention, like others heretofore considered, is urged for the purpose of showing that

the judgment should have been for the defendant on an issue that the trial court held to be without merit. While it is apparently conceded that, if the written guaranty became effective, the defendant thereby guaranteed the payment of loans by plaintiff to the Platte County bank, it is argued that the guaranty of discounted paper was not a guaranty of payment but only a guaranty of collection. For the distinction between guaranty of payment and of collection, see 28 C. J. 896. And it is further argued that the plaintiff by its petition bases its cause of action on a guaranty of the Rumsey note, and not on a guaranty of an indebtedness of the Platte County bank.

We agree that the writing signed by defendant shows a promise to guarantee payment of loans to the Platte County bank. The defendant promised to "guarantee the full and prompt payment by said Platte County State Bank of all its indebtedness" to the plaintiff, and "the complete discharge and performance by said Platte County State Bank of all its liabilities, duties and obligations" to the plaintiff. The guaranty was unconditional, and as to the indebtedness of the Platte County bank to plaintiff, was guaranty of performance or payment, and not merely of collection. See Hecht v. Acme Coal Co., 19 Wyo. 10, 17, 113 Pac. 786. And we understand that defendant concedes that, if the guaranty became effective, the plaintiff had the right to recover from defendant the balance of indebtedness due from the Platte County bank, without proving that it could not collect from Rumsey or the bank. The defendant argues, however, that the plaintiff has elected not to sue for the amount due from the Platte County bank, but for the amount due on the Rumsey note on the theory that defendant guaranteed the payment of that note. We think this presents no reason for holding that the record shows that plaintiff had no right to a judgment.

It is not claimed that the plaintiff did not plead and prove all the facts necessary to show plaintiff's right to recover the amount due from the Platte County bank the payment of which the defendant guaranteed. The petition alleged the giving of the guaranty, the discounting of the Rumsey note with the endorsement of the Platte County bank, the maturity of the note, and the failure of both the Platte County Bank and Rumsey to pay the amount due. It was evidently the theory of the trial court that the amount due on the Rumsey note was owing from the Platte County bank to plaintiff, and the measure of plaintiff's damage. If this was the correct measure of plaintiff's damage the objection that the plaintiff sued on a wrong theory would be unsubstantial. If it was not the correct measure, we would not for that reason affirm a judgment by which the plaintiff recovered nothing.

There is something in defendant's brief in regard to the right of the plaintiff to release to the receiver the money on deposit with plaintiff to the credit of the Platte County bank when the latter bank closed. Questions thus suggested were not raised by anything in the pleadings, are not here for consideration on the plaintiff's appeal, and are not discussed in plaintiff's brief. It may be that plaintiff owed to defendant the duty of applying the deposit on the indebtedness of the Platte County bank and thereby reducing defendant's liability as guarantor; but that would furnish no reason for affirming the judgment here for review.

For the reasons above stated the judgment is reversed and the case remanded for a new trial.

*Reversed and Remanded.*

BLUME, Ch. J., and POTTER, J., concur.